IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:20CR239-2 |
| | ) | |
| EL SHAFEE EL SHEIKH, | ) | The Honorable T.S. Ellis, III |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SEAL

Pursuant to Local Criminal Rule 49(E), the defense moves for an order sealing Defendant's motion to Substitute CJA Counsel.

Sealing is necessary because the motion contains sensitive personal medical information that the public would not, under any other circumstances, be entitled to see. It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)). The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Ultimately, the decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*, 386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has previously held that such records are entitled to privacy protection and may be filed under seal. *James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at *12 (Nov. 21, 2007 E.D. Va.).

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Here, sealing, as opposed to redaction, is necessary to protect the confidential information contained throughout the entirety of the Defendant's motion, there is no readability available way to redact this information without revealing confidential information. As such, the entirety of Defendant's filing ought to be placed under seal.

Defendant respectfully requests that the Court enter an Order permitting Defendant's Motion to Substitute CJA Counsel to be filed under seal. As such, a proposed Order is attached for the consideration of the Court.

Respectfully Submitted,

EL SHAFEE ELSHEIKH,
By Counsel

_/s/_
Nina J. Ginsberg, VSB # 19472
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
Email: Nginsberg@dimuro.com

**CERTIFICATE OF SERVICE**

  I hereby certify on this 18th day of May, 2021, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

               /s/_____
               Nina Ginsberg, Esq.