IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:20CR239-2 |
| | ) | |
| EL SHAFEE EL SHEIKH, | ) | The Honorable T.S. Ellis, III |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**HIS MOTION TO DISMISS THE INDICTMENT**

The Indictment against El Shafee El Sheikh was obtained on the basis of tainted evidence. Therefore, it must be dismissed.

"[A]n indictment obtained in violation of constitutional rights must be dismissed." *Jones v. United States*, 342 F.2d 863, 872 (1964); *United States v. Conti*, 864 F.3d 63, 101 (2d Cir. 2017)("Our precedents establish that an indictment is subject to dismissal if it was procured on the basis of tainted evidence.")(citing *United States v. Hinton*, 543 F.2d 1002 (2d Cir. 1976); *United States v. Johnson*, 463 F.2d 70, 73 (10th Cir. 1972) (affirming dismissal of indictment after an uncontested finding that the suppressed evidence was essential to the government's case); *United States v. Tane*, 329 F.2d 848 (2d Cir. March 24, 1964) (affirming District Court dismissal of an indictment on the ground that it resulted from illegal wire-tapping); *United States v. Guglielmo*, 245 F. Supp. 534, 536 (N.D. Ill. 1965) ("Since it is clear that but for the above described violation of § 605 no warrant would have issued and no indictment would have been returned, the indictments against the defendants tied ineluctably with the illegal wire-tapping, must be and accordingly are hereby dismissed."), aff'd *United States v. Dote*, 371 F.2d 176, 178 (7th Cir. 1966); *United States v. Bush*, 269 F. 455, 457-58 (W.D.N.Y. 1920) ("So here the officers possessed no proper search warrant for searching the home of the accused

1

and seizing any stolen property, and therefore their discovery or information unlawfully acquired could not be used as a basis for an indictment for criminally receiving stolen property….Since the evidence before the grand jury was clearly based upon insufficient and incompetent evidence and disregarded the rights of the accused, the indictment must be, and it hereby is, quashed.").

It is within the discretion of the trial court to dismiss an indictment if it is based on incompetent or illicit evidence. *See e.g.*, *Tane*, 329 F.2d at 853; *Truchinski v. United States*, 393 F.2d 627, 632 (8th Cir. 1968), cert. denied, 393 U.S. 831 (1968); *Carrado v. United States*, 210 F.2d 712, 717 (D.C.Cir. 1953), cert. denied, 347 U.S. 1018 (1954); *see also United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993) ("The district court can exercise its supervisory authority to dismiss an indictment for errors in grand jury proceedings only where an irregularity prejudicing the defendant has been shown.")(citing *Bank of Nova Scotia*, 487 U.S. 250, 254 (1988)).

El Sheikh's statements to the FBI and to the media were obtained in violation of his Constitutional rights for the reasons detailed in his Motion to Suppress (Dkt. 100, 101). For these same reasons, and because the evidence presented to the Grand Jury would have been based almost entirely, if not entirely, on these statements, the Indictment against him should be dismissed.

        Respectfully Submitted,

        EL SHAFEE ELSHEIKH,
        By Counsel

        _____/s/_____
        Nina J. Ginsberg, VSB # 19472
        Zachary A. Deubler, VSB # 90669
        DiMuroGinsberg, P.C.
        1101 King Street, Suite 610
        Alexandria, VA 22314
        (703) 684-4333 (T)
        Nginsberg@dimuro.com
        zdeubler@dimuro.com

                _____/s/_____
                Edward B. MacMahon, Jr. VSB # 25432
                Law Offices of Edward B. MacMahon, Jr.
                P.O. Box 25
                107 East Washington Street
                Middleburg, VA 20188
                (540) 687-3902 (T)
                Ebmjr@macmahon-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2021 I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

                _____
                Zachary A. Deubler, Esq.