IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:20-CR-239-TSE-2 |
| v. | ) | |
| | ) | Hon. T. S. Ellis, III |
| EL SHAFEE ELSHEIKH | ) | |
| | ) | |
| Defendant. | ) | Hearings: November 16-19, 2021 |

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Under longstanding Supreme Court and Fourth Circuit precedent, a defendant is not entitled to dismissal of an indictment because the grand jury heard evidence obtained in violation of his Fifth Amendment rights. As explained in the government's response in opposition to defendant's motion to suppress, the government does not believe the admission of any of defendant's statements would violate the Fifth Amendment in the first instance. Nonetheless, even assuming *arguendo* a Fifth Amendment violation occurred, the sole remedy is suppression of the challenged statements at trial, not dismissal of the indictment.

It is a general rule that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Costello*, 350 U.S. 359, 363–64 (1956). In *United States v. Blue*, 384 U.S. 251 (1966), the Supreme Court held that a defendant was not entitled to dismissal of the indictment even if it assumed that the government had acquired information in violation of the Fifth Amendment and presented it to the grand jury. *See id.* at 255 & n.3; *see also Gelbard v. United States*, 408 U.S. 41, 60 (1972) ("The 'general rule,' as illustrated in *Blue*, is that a defendant is not entitled to have his indictment dismissed before trial simply

1

because the Government 'acquire(d) incriminating evidence in violation of the (law),' even if the 'tainted evidence was presented to the grand jury.'").

In 1973, the Supreme Court again clarified that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." *United States v. Calandra*, 414 U.S. 338, 345 (1973) (internal citations omitted) (citing *Lawn v. United States*, 355 U.S. 339 (1958)); *see also id.* at 346 ("[A]n indictment based on evidence obtained in violation of a defendant's Fifth Amendment privilege is nevertheless valid…."). Subsequently, in *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), although the Supreme Court acknowledged that certain prejudicial errors relating to the actual constitution or independence of the grand jury might provide a basis for dismissing the indictment—like prosecutorial misconduct or racial or gender discrimination—it maintained *Calandra*'s rule that defendants are not permitted to challenge the reliability or competence of the evidence that the grand jury heard. *See id.* at 260–61. The Fourth Circuit has adhered to this rule. *See, e.g.*, *United States v. Jefferson*, 546 F.3d 300, 312 (4th Cir. 2008) ("Under controlling precedent, a facially valid indictment is not subject to dismissal simply because the grand jury may have considered improper evidence, or because it was presented with information or evidence that may contravene a constitutional privilege.").

Defendant's mostly out-of-Circuit case law is either inapposite or directly in conflict with this binding precedent. For example, defendant's first cited case is *Jones v. United States*, 342 F.2d 863 (D.C. Cir. 1964), which adopted an interpretation of *Costello* and *Lawn* that was directly contrary to the Supreme Court's subsequent holdings in *Blue* and *Calandra*. Indeed, almost all of defendant's out-of-Circuit cases were decided before *Calandra*'s clear statement of the rule in

1973. *See, e.g.*, Def. Br. 1–2 (citing cases from 1972, 1964, 1965, 1966, 1920, 1968, and 1953).[1] In defendant's sole in-Circuit citation, the Fourth Circuit concluded that the presentation of erroneous evidence as to six venue counts could not have prejudiced other valid counts and constituted no improper influence on the grand jury; it did not even address Fifth Amendment privileges and grand-jury evidence, much less hold, contrary to *Blue* and *Calandra*, that such statements might constitute a basis to dismiss a facially valid indictment. *See United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993).

The only post-*Calandra* case cited by defendant dealing specifically with self-incriminating statements before the grand jury is *United States v. Allen*, 864 F.3d 63 (2d Cir. 2017), in which a government witness reviewed defendants' ostensibly compelled testimony to a foreign government before testifying both before the grand jury and at trial. The *Allen* court cited *Calandra* exactly once, in a footnote, for an unrelated point. *See id.* at 81 & n.75. In reaching its conclusion that this grand jury testimony was tainted and required dismissal of the indictment, the court relied on prior Second Circuit precedents and the Supreme Court's decision in *United States v. Hubbell*, 530 U.S. 27 (2000). But *Hubbell* (and its predecessor in *Kastigar v. United States*, 406 U.S. 441 (1972)) dealt with the scope of immunity in 18 U.S.C. §§ 6002 and 6003 when a defendant testifies or produces documents to a court or grand jury under a court order. On its own terms, § 6002 applies only to "an order issued under this title" when a witness refuses to give testimony or documents in a formal proceeding before "a court or grand jury of the United States," or other federal

---

[1] Still others are wholly inapposite on their own terms. Both *United States v. Johnson*, 463 F.2d 70 (10th Cir. 1972), and *United States v. Tane*, 329 F.2d 848 (2d Cir. 1964), for example, were cases in which the indictments were dismissed not because tainted evidence was presented to the grand jury, but because the government conceded that, after suppression of the challenged evidence, it had insufficient evidence to prove the charges. The government makes no such concession here.

proceedings like congressional or agency testimony. In other words, cases about the scope of immunity and dismissal under a § 6003 order do not compel the same result for self-incriminatory statements made in other contexts.[2] Moreover, in *Hubbell*, the government did not argue that it had sufficient evidence other than the immunized testimony to sustain a prosecution, demonstrating that the dismissal remedy was less about a tainted grand jury and more about the sufficiency of the evidence. *See* 530 U.S. at 45; *cf. supra* note 1.

In short, nothing in *Hubbell* purports to overrule *Blue* and *Calandra*'s unequivocal statements that defendants cannot obtain dismissal of an indictment because the grand jury heard evidence obtained in violation of the Fifth Amendment privilege against self-incrimination. And even if some tension exists, courts are not to assume that the Supreme Court's later decisions "have, by implication, overruled an earlier precedent"; "[r]ather, courts should follow the case that directly controls, leaving to the Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 207 (1997); *accord Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) (quoting *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997), for the proposition that "it remains the Supreme Court's 'prerogative alone to overrule one of its precedents'").

Because *Blue* and *Calandra* are the directly controlling precedents, this Court is required to apply their rule, not out-of-Circuit cases like *Allen* that conflict with them. Accordingly, in addition to the lack of any Fifth Amendment violation as explained in the government's response in opposition to defendant's motion to suppress, any use of such evidence before the grand jury provides no basis for dismissal, and the Court should deny the motion.

---

[2] The 1972 Second Circuit precedent on which *Allen* relied also dealt with §§ 6002 and 6003-immunized testimony before a federal grand jury. *See United States v. Hinton*, 543 F.2d 1002 (2d Cir. 1972). *Allen*'s extension of this case law to statements made to a foreign government thus textually extended the scope of the statute and brought its conclusion into direct conflict with Supreme Court precedent.

                Respectfully submitted,

By:    /s/ Raj Parekh
       Raj Parekh, First Assistant U.S. Attorney
       Dennis M. Fitzpatrick
       John T. Gibbs
       Aidan Taft Grano-Mickelsen
       Assistant United States Attorneys
       Eastern District of Virginia
       Alicia H. Cook, Trial Attorney
       United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel of record in this case.

           /s/    Raj Parekh
Raj Parekh
First Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:  703-299-3700
Fax: 703-299-3981
Email: raj.parekh@usdoj.gov