IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No.: 1:20-CR-239-TSE-2 |
| v. | ) | |
| | ) | |
| EL SHAFEE ELSHEIKH | ) | |
| | ) | |
| Defendant. | ) | Hearings: November 16-18, 2021 |

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO ESTABLISH ADMISSIBILITY OF DEFENDANT'S FALSE
IDENTITY STATEMENTS AND RELATED CO-CONSPIRATOR STATEMENTS**

The defendant's response to the government's motion asks this Court to ignore nearly 40 years of Supreme Court and Fourth Circuit precedent and create a "survival" exception to the meaning of interrogation, as well as the Supreme Court's well-established and sound "routine booking questions" exception to the *Miranda* requirement. *See Rhode Island v. Innis*, 446 U.S. 291 (1980); *Pennsylvania v. Muniz*, 496 U.S. 582 (1990); *United States v. D'Anjou*, 16 F.3d 604 (4th Cir. 1994). The defendant asks this Court to apply a sweeping change in the law in this case while citing no legal authority to support this contrived exception.

Moreover, the defendant engages in an effort at deflection and fails to address the central legal issue of his Department of Defense (DOD) enrollment circumstances. The enrollment process, and the attendant questions, undertaken by the DOD on January 21, 2018, perfectly aligns both in function and purpose with the routine booking questions asked in every other booking scenario. DOD personnel in northern Syria conducted routine screenings at the facility as part of administrative procedures to obtain basic identifying information for detainees. Soliciting information during this enrollment process as to name, age, origin, residence, and language was not

designed to elicit incriminating responses from the detainees. The defendant is also aware, and it is beyond any doubt under the law, that the "Fifth Amendment prohibits only compelled testimony that is incriminating." *Hiibel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 183 (2004).

The defendant also asks this Court to create an "in this environment" exception to the established evidentiary proposition that false statements provided under these circumstances are relevant and admissible as non-hearsay false exculpatory statements. As the government has previously asserted, the defendant's false statements about his identity are relevant and admissible as evidence of consciousness of guilt. *D'Anjou* at 609. The government does not argue with the proposition that trial courts retain discretion on difficult evidentiary issues, but this case does not present such a difficulty. In fact, to sanction this type of exceptional circumstances exception to exclude highly probative false exculpatory statements would turn the law on its head.

Further, the defendant and Kotey each made identical false statements during the DOD enrollment process. Critically, each falsely claimed to be a Yemeni citizen and each falsely claimed to only speak in Arabic even though the DOD personnel spoke English. The defendant and Kotey are both native English speakers. These mutual and consistent false statements by the defendant and Kotey demonstrate "a continuity of purpose and a continued performance of acts" that are in furtherance of the conspiracy. *United States v. Lewis*, 759 F.2d 1316, 1342 (8th Cir. 1985). At a minimum, Kotey's statements are in furtherance of the providing material support to ISIS conspiracy, as they are designed to preserve and protect the conspiracy, and conceal his identity as a member of the conspiracy.

Further still, and as the government argued in its opening memorandum, Kotey's false statements are not being offered for the truth of the matter asserted. The government is introducing Kotey's false statements for their falsity, and that purpose places them outside the hearsay

definition.  *See, e.g., Anderson v. United States*, 417 U.S. 211, 220 & n.8 (1974).

Finally, contrary to the defendant's argument, admitting his false statements to the jury will not create confusion or mislead the jury at all.  In fact, the defendant's own false statement are highly probative of coordination with Kotey and the fact that he had engaged in serious criminal conduct.  As we noted in our moving memorandum, at the threshold Elsheikh's own statements are paradigmatic, admissible non-hearsay statements of a party-opponent under Rule 801(d)(2)(A).  *See, e.g.*, *United States v. Benson*, 957 F.3d 218, 229 (4th Cir. 2020).

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

By: _____/s/_____
        Alicia Cook, DOJ Trial Attorney
        Raj Parekh, FAUSA
        Aidan Taft Grano-Mickelsen, AUSA
        John T. Gibbs, AUSA
        Dennis M. Fitzpatrick, AUSA
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        (703) 299-3700

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:         /s/
Dennis M. Fitzpatrick
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700