IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 1:20-cr-239 |
| | ) |
| EL SHAFEE ELSHEIKH, | ) |
| Defendant. | ) |

## ORDER

This eight-count criminal prosecution for hostage-taking and criminal conspiracy is before the Court on Defendant El Shafee Elsheikh's Motion to Dismiss the Indictment (Dkt. 106). Defendant's Motion to Dismiss incorporates Defendant's Motion to Suppress (Dkt 100), which seeks to bar admission at trial of incriminating statements made by Defendant to the Federal Bureau of Investigation and to journalists while in the custody of the Syrian Democratic Forces ("SDF") in Syria in 2018. Defendant argues that those statements are inadmissible for two reasons: (1) the Government utilized a two-step interrogation procedure which undermined *Miranda* warnings in violation of *Missouri v. Seibert*,[1] and (2) Defendant's statements were the involuntary products of torture by SDF personnel.[2] Defendant's Motion to Dismiss contends that because these incriminating statements obtained in violation of Defendant's rights under the Fifth Amendment were presented to the grand jury in this matter, the indictment must be dismissed.

Defendant's Motion to Dismiss seeks an improper remedy. As the Government persuasively argues, the appropriate recourse for a violation of the Fifth Amendment is

---

[1] A plurality opinion and concurrence issued by the Supreme Court in *Missouri v. Seibert* disapproved of deliberate "two-step" interrogations in which an interviewer elicits a suspect's confession without a *Miranda* warning and then prompts the suspect to repeat the confession after providing a *Miranda* warning. 542 U.S. 600 (2004).

[2] "[I]f the defendant's 'will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.'" *United States v. Abu Ali*, 528 F.3d 210, 231–32 (4th Cir. 2008) (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

suppression of evidence at trial, not dismissal of an indictment because purportedly tainted evidence was presented to a grand jury. The Supreme Court has made that point very clear:

> Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, [a defendant] would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial.

*United States v. Blue*, 384 U.S. 251, 255, (1966). Stated otherwise, "an indictment based on evidence obtained in violation of [the] Fifth Amendment . . . is nevertheless valid." *United States v. Calandra*, 414 U.S. 338, 346 (1974). The Fourth Circuit has also emphasized that, "[u]nder controlling precedent, a facially valid indictment is not subject to dismissal simply because the grand jury may have considered improper evidence, or because it was presented with information or evidence that may contravene a constitutional privilege." *United States v. Jefferson*, 546 F.3d 300, 312 (4th Cir. 2008).

Defendant's caselaw citations to the contrary are not persuasive. As the Government correctly observes, Defendant primarily relies on circuit cases which predate the Supreme Court's holdings in *Blue* and *Calandra*. Moreover, Defendant cites just one Fourth Circuit case, *United States v. Brewer*, but nothing in that decision holds or indicates that the presentation to a grand jury of evidence obtained in violation of the Fifth Amendment is a valid basis to dismiss an indictment. *See* 1 F.3d 1430 (4th Cir. 1993). In sum, controlling Supreme Court and Fourth Circuit precedent makes clear that the appropriate remedy for violations of the Fifth Amendment is suppression of evidence at trial, not dismissal of an indictment. Because Defendant's only attack on the grand jury proceedings in this matter is that that grand jury heard incriminating statements which Defendant contends were involuntary and obtained in violation of *Miranda v. Arizona*, Defendant's Motion to Dismiss must be denied. Defendant's *Seibert* and torture arguments will be addressed on the merits with respect to Defendant's Motion to Suppress.

Accordingly, for reasons stated in this Order,

It is hereby **ORDERED** that Defendant's Motion to Dismiss the Indictment (Dkt. 106) is **DENIED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
November 15, 2021

/s/
T. S. Ellis, III
United States District Judge