IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:20-cr-239 |
| | : | |
| EL SHAFEE ELSHEIKH | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
FOR WITNESS DEPOSITIONS PURSUANT TO RULE 15
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

COMES NOW El Shafee El-Sheikh, by counsel, and for his Opposition to the Government's Motion for Witness Depositions Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, states as follows:

1. **Introduction**.

The defendant objects to the request made by the United States to take depositions, pursuant to Fed. R. Crim. P. 15, of four witnesses who have travelled to the United States to testify in a suppression hearing which is schedule to take place this week—namely three Syrian SDF officials and one London based reporter (DE 149). The Government correctly cites to cases that have addressed the burden that the Government faces when making such a motion. That is, that the Government must show that there are "exceptional circumstances" and that the "interests of justice" are served by allowing the depositions to take place in lieu of live testimony.

This analysis does not take place in a vacuum and the Court has to remain vigilant to protect the defendant's constitutional rights to a fair and public trial in which his due process and

confrontation rights are protected. The Courts have long recognized the need for live testimony in criminal cases so that the jury, the judges of the facts, can evaluate the credibility of witnesses and so as to protect the defendant's due process rights. Rule 15 depositions are for this reason disfavored as a matter of law and there is no justification proffered here that would justify a departure from the normal procedures of taking live in-person testimony in front of the jury that must decide this case.

2. **The Government's Request to Record the Testimony is a Matter for the Sound Discretion of the Court**.

After arguing that they have carried the burden of showing good cause and that the witnesses are unavailable for trial, the Government, at the end, states it is merely seeking the Court's "permission to video record next week's evidentiary hearing of the above-described four witnesses in the event any or all of them are unavailable to testify during the January 2022 trial." (DE 149, p. 6)  The decision to allow recording of testimony taken this week surely rests within the sound discretion of the Court. The defense takes no position as to whether the Court should allow the requested recording. However, the defense, for the reasons stated below, does not believe that the Government has today carried the burden imposed by Fed. R. Crim. P. 15 to allow for depositions in lieu of live testimony.

First of all, there is no basis to believe that these witnesses will be unavailable for trial in the first place. All four of the witnesses have apparently been flown to the United States for this hearing and are prepared to testify. This is the opposite scenario from a case upon which the Government places great reliance. In *United States v. Abu Ali*, 528 F. 3d 210 (4th Cir 2008), the Fourth Circuit affirmed a terrorism conviction where the Government was allowed to take Rule 15 depositions of witnesses who were located in Saudi Arabia. Like the four witnesses at issue here, those Saudi witnesses were beyond the subpoena power of the Court. Unlike these four witnesses,

however, the Saudi's in <u>Abu Ali</u> were apparently unwilling to come to the United States and testify at trial and thus were unavailable as a matter of law.

Here, the Government merely posits that these four witnesses may be unavailable for live testimony at trial. The Government speculates without evidence that there is a "distinct possibility" that the COVID pandemic may render it impossible for the witness to travel to the United States just eight weeks from now. That claim is contradicted by the fact that they have all flown here this week. The remaining claims as to unavailability are similarly baseless. Despite the current situation in Syria, none of the SDF witnesses have proffered that their lives are at risk or that they will not return to testify if that is required or requested. Mr. Langan, of course, lives in England and is now free to travel to the United States as a private citizen much less one assisted by the United States government.

In the end, the Government posits that the prospect of returning these witnesses to the United States for live testimony would impose "substantial financial and physical burdens" upon the Government. This financial concern, while surely real, is present in the numerous international criminal cases filed in this district, and financial concerns cannot be proffered as a proper reason to violate the confrontation and fair trial rights that are provided to all defendants in the United States.

**3. The Government's Procedural Suggestions are Impractical and Inappropriate.**

In its Memorandum, the Government suggests taking Rule 15 depositions "between November 17-18, 2021, while the parties are presenting evidence at the hearings already scheduled. The defense believes this request is completely impractical. The Court has scheduled three days of hearings in connection with the Government's various Motions *in Limine* and the defendant's Motion to Suppress. The defense needs to focus on the testimony and issues presented

in these hearings without the substantial distraction caused by having to make and preserve trial objections while witnesses testify in a pre-trial hearing. What the Government requests here is a hybrid model of a Rule 15 deposition where testimony related to a pretrial motion would later be substituted for live testimony at a criminal trial. That is not a circumstance contemplated by Fed. R. Crim. P. 15 and should not be allowed in this case.

WHEREFORE, the defendant request that the instant motion be denied.

Respectfully Submitted,
EL SHAFEE ELSHEIKH,
By Counsel

_____/s/_____
Edward B. MacMahon, Jr. VSB # 25432
Law Offices of Edward B. MacMahon, Jr.
P.O. Box 25
107 East Washington Street
Middleburg, VA 20188
(540) 687-3902 (T)
Ebmjr@macmahon-law.com


_____/s/_____
Nina J. Ginsberg, VSB # 19472
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
(703) 684-4333 (T)
Nginsberg@dimuro.com


**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties in this action.

_____/s/_____
Edward B. MacMahon, Jr.