IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1-20-CR-239 |
| v. | ) | |
| | ) | |
| EL SHAFEE ELSHEIKH, | ) | |
| | ) | |
| Defendant. | ) | Trial: January 18, 2021 |

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

The United States of America, by undersigned counsel, requests that the following

proposed instructions be included by the Court in its charge to the jury and such other

instructions as may become appropriate during the course of the trial.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Dennis M. Fitzpatrick
Raj Parekh
John T. Gibbs
Aidan Taft Grano-Mickelsen
Assistant United States Attorneys
Alicia H. Cook, Trial Attorney
United States Department of Justice
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2021, I electronically filed the foregoing with the

Clerk of Court using CM/ECF system, which will send a notification of such filing (NEF) to all

counsel of record.

By:      _____/s/_____
         Dennis M. Fitzpatrick
         Assistant United States Attorney
         United States Attorney's Office
         Eastern District of Virginia
         2100 Jamieson Avenue
         Alexandria, Virginia 22314
         (703) 299-3954

*COMPLETE INSTRUCTIONS BEGIN ON THE NEXT PAGE*

## <u>PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES</u>

**I.     GENERAL INSTRUCTIONS**

1.          Introduction to the Final Charge – Province of the Court and of the Jury

2.          Court's Comments on Certain Evidence

3.          Court's Questions to Witnesses

4.          Court's Comments to Counsel

5.          Objections and Rulings

6.          Evidence Received in the Case – Stipulations, Judicial Notice and Inferences Permitted

7.          Inferences from the Evidence

8.          The Indictment is Not Evidence

9.          Presumption of Innocence, Burden of Proof – Reasonable Doubt

10.         Consider Only the Offenses Charged

11.         Judging the Evidence

12.         Direct and Circumstantial Evidence

13.         Jury's Recollection Controls

14.         Credibility of Witnesses - Generally

15.         Opinion Evidence – The Expert Witness

16.         Number of Witnesses Called is Not Controlling

17.         Demonstrative Exhibits -- Admitted

18.         Decision of the Defendant to Testify/Testimony of the Defendant

19.         "In or About" and "On or About" – Explained

20.         "Knowingly" – Defined

21.         Proof of Knowledge or Intent

**II.    CONSPIRACY LAW**

22.        Conspiracy – Existence of an Agreement

23.        Conspiracy - Membership in an Agreement

24.        Success of Conspiracy Immaterial

**III.    OFFENSES**

25.        Statute Defining the Offenses – Counts One through Five

**Conspiracy to Commit Hostage Taking Resulting in Death, 18 U.S.C. § 1203(a)**

26.        Nature of the Offense - Count One

27.        Elements of Offense - Count One

**Hostage Taking Resulting in Death, 18 U.S.C. § 1203(a) and 2.**

28.        Nature of the Offense – Counts Two through Five

29.        Essential Elements of the Offense – Counts Two through Five

30.        First Element – Seizing or Detaining a Hostage

31.        Second Element – Threat to Kill or Injure

32.        Third Element – Intent to Compel Action by Third Party

**Vicarious Liability**

33.        Aiding and Abetting – Explained

34.        Co-Conspirator Responsibility for Substantive Offenses

**Conspiracy to Murder United States Citizens Outside of the United States**

35.        Nature of the Offense – Count Six

36.        Statute Defining the Offense – Count Six

37.        Essential Elements of the Offense – Count Six

38.        Definitions for Count Six

**Conspiracy to Provide Material Support To Terrorists – Hostage Taking and Murder – Resulting in Death**

39.        Nature of the Offense – Count Seven

40.        Statute Defining the Offense – Count Seven

41.        Essential Elements of the Offense – Count Seven

**Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization Resulting in Death**

42.        Nature of the Offense – Count Eight

43.        Statute Defining the Offense – Count Eight

44.        Essential Elements of the Offense – Count Eight

45.        Definitions for Counts Seven and Eight

        **IV.    Closing Instructions**

46.        "Death Results" Element & Special Verdict Form

47.        Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with Court

        **V.    Verdict Form**

*JURY INSTRUCTIONS CONTINUE ON THE NEXT PAGE*

INSTRUCTION NO. 1

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but you must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in

the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Superseding Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.01 (6th ed. 2008).

INSTRUCTION NO. 2

<u>Court's Comments on Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions,* Section 11.06 (6th ed. 2008)).

INSTRUCTION NO. 3

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter--not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.05 (6th ed. 2008).

INSTRUCTION NO. 4

<u>Court's Comments to Counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.04 (6th ed. 2008).

INSTRUCTION NO. 5

Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.03 (6th ed. 2008).

INSTRUCTION NO. 6

Evidence Received in the Case –
Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

A stipulation is an agreement between both the government and the defense that certain facts are true. The government is not required to introduce additional proof of a fact that has been stipulated to by the defense. You should regard the facts in these stipulations as true and proved by the government when considering whether the government has proven all the elements of a criminal offense. You are not required to do so, however, since you are the sole judge of the facts.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.03 (6th ed. 2008), modified in part to conform to *United States v. Muse*, 83 F.3d 672, 680–81 (4th Cir. 1996); *see also* 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 5-6 (2001) (Stipulation of Facts).

INSTRUCTION NO. 7

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.05 (6th ed. 2008).

INSTRUCTION NO. 8

<u>The Indictment is Not Evidence</u>

An indictment is only a formal method used by the government to accuse a defendant of a crime or crimes.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 13.04 (6th ed. 2008).

INSTRUCTION NO. 9

Presumption of Innocence, Burden of Proof – Reasonable Doubt

I instruct you that the law presumes a defendant to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the Indictment, begins the trial with a "clean slate" - with no evidence against him.  The Indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the Government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, it must acquit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 12.10 (6th ed. 2008); *United States v. Walton*, 207 F.3d 694, 693-99 (4th Cir. 2000); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999); *United States v. Abbas*, 74 F.3d 506, 514 (4th Cir. 1996); *United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994); *United States v. Adkins*, 937 F.2d 947, 950 (4th Cir. 1991).

INSTRUCTION NO. 10

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.09 (6th ed. 2008).

INSTRUCTION NO. 11

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.02 (6th ed. 2008).

INSTRUCTION NO. 12

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial-- direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, Section 12.04 (6th ed. 2008).

JURY INSTRUCTION NO. 13

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.07 (6th ed. 2008).

INSTRUCTION NO. 14

Credibility of Witnesses - Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, Section 15.01 (6th ed. 2008).

INSTRUCTION NO. 15

Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety. You – the jury – are the sole judges of the facts of this case.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 14.01 (6th ed. 2008).

INSTRUCTION NO. 16

<u>Number of Witnesses Called is Not Controlling</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 14.16 (6th ed. 2008).

INSTRUCTION NO. 17

Demonstrative Exhibits – Admitted

Certain demonstrative exhibits have been admitted and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in recordings, documents or testimony, which are also in evidence in the case. These demonstrative exhibits are not independent evidence of those facts; rather, they have been prepared by a party to aid you in understanding the evidence to which the exhibits refer. Your deliberations should focus on weighing the evidence to which the exhibits refer, but you may use the demonstrative exhibits to help you understand the meaning and significance of that evidence. You must independently assess whether these exhibits accurately summarize or explain the underlying evidence and then give that underlying evidence such weight or importance, if any, as you feel it deserves.

*See United States v. Simmons*, 11 F.4th 239, 262 & n.12; *United States v. Johnson*, 54 F.3d 1150, 1159 (4th Cir. 1995); Federal Rules of Evidence 611.

INSTRUCTION NO. 18

Decision of the Defendant to Testify / Testimony of the Defendant

(Part A below offered if the defendant does not testify.  Part B offered if the defendant does testify.)

A.

A defendant has the absolute right not to testify, and you are not to draw a presumption of guilt or any inference against a defendant because he did not testify.

(Adapted from Federal Judicial Center Committee to Study Criminal Jury Instructions, Pattern Criminal Instructions, No. 22 (1982); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.14 (3rd Ed. 1977).)

B.

The law permits the defendant, if he so desires, to testify in his own behalf.  A defendant who wishes to testify is a competent witness; and defendant's testimony is to be judged in the same way as that of any other witness.

The testimony of a defendant is before you and you must determine to what extent you believe it.  The vital interest of the defendant in the result of his case does not by itself automatically mean that he has not told the truth.  Yet the defendant has an interest in the outcome of this case greater than that of any other witness, and you may consider that interest in weighing the credibility of his testimony.

Part B, as given, *United States v. Joseph Johnson*, 3:93CR19 (E.D. Va. Jan.7, 1994) (Spencer, J.). *Reagan v. United States*, 157 U.S. 301, 305 (1895) ("The fact that he is a defendant does not condemn him as unworthy of belief, but at the same time it creates an interest greater than that of any other witness, and to that extent affects the question of credibility.  It is, therefore, a matter properly to be suggested by the court to the jury."); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) ("It was not improper for the district court, in instructing the jury about defendant's credibility as a witness, to point out defendant's vital interest in the outcome of the case . . ."); *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981) (holding the charge that the defendant has a "very keen personal interest in the result of your verdict" to be

proper); *United States v. Anderson*, 642 F.2d 281, 286 (9th Cir. 1981) ("[I]t was proper to instruct the jury that, in considering the credibility of the defendant's testimony, it could take into consideration their interest in the outcome of the case . . ."); *United States v. Stout*, 601 F.2d 325, 329 (7th Cir. 1979), *cert. denied*, 444 U.S. 979 (1980) (holding instruction that jury should consider that the defendant had "a vital interest in the outcome of his trial" proper); *United States v. Vega*, 589 F.2d 1147, 1154 (2d Cir. 1978) (holding jury instruction to consider "deep personal interest" of testifying defendant in his case to be proper); *United States v. Ambrose*, 483 F.2d 742, 753 (6th Cir. 1973); *United States v. Hill*, 470 F.2d 361, 365 (2d Cir. 1972) ("[The defendant's] interest is a very special one and we adhere to that long line of cases which hold that it may be the subject of a specific instruction.").

INSTRUCTION NO. 19

<u>"In or About" and "On or About" – Explained</u>

The Indictment charges that the offenses alleged were committed "in or about" or "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date range alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 13.05 (6th ed. 2008).

JURY INSTRUCTION NO. 20

<u>"Knowingly" – Defined</u>

The term "knowingly," as used in the Indictment and in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 17.04 (6th ed. 2008).

INSTRUCTION NO. 21

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 17.07 (6th ed. 2008).

INSTRUCTION NO. 22

<u>Conspiracy – Existence of an Agreement</u>

Counts One, Six, Seven, and Eight each charge the defendant with conspiring to commit certain offenses. A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to achieve a certain objective that is itself a crime.  A conspiracy is, in a very true sense, a partnership in crime.

The Government must prove that the defendant you are considering and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would pursue some endeavor which, if completed, would satisfy all the elements of a substantive criminal offense.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

A criminal conspiracy or agreement, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. To prove the existence of a conspiracy or an illegal agreement, the Government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the Government is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

Unless the Government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the conspiracy count.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:04 (6th ed. updated Feb. 2014); *Salinas v. United States*, 522 U.S. 52 (1997); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996).

INSTRUCTION NO. 23

Conspiracy – Membership in an Agreement

Before the jury may find that a defendant, or any other person, became a member of the conspiracy charged in the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, that the underlying crime be committed.  It is not necessary that the defendant agree to commit the offense or any element of the offense personally, but he must agree and intend that the underlying crime be committed by some member of the conspiracy.

If the evidence establishes beyond a reasonable doubt that the defendant you are considering knowingly and deliberately entered into an agreement intending that the offense alleged in the Indictment be committed, it is not important that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not know all of his or her co-conspirators, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal, or had only a slight connection with the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:05 (6th ed. updated Feb. 2014); *Ocasio v. United States*, 578 U.S. 282, 287–88 (2016); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Burgos*, 94 F.3d 849, 859-62 (4th Cir. 1996); *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993).

INSTRUCTION NO. 24

<u>Success of Conspiracy Immaterial</u>

The Government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

Likewise, if you conclude that the Government proved beyond a reasonable doubt that the defendant joined a criminal agreement knowingly and deliberately, any subsequent change in or abandonment of the criminal objective does not mean the defendant is not guilty of conspiracy. Because the crime of conspiracy occurs during the entire time a criminal agreement exists, a defendant is guilty of committing the offense through every moment of the agreement's existence, even if he or others later alter, abandon, or terminate the agreement.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. updated Feb. 2014); *Smith v. United States*, 568 U.S. 106, 110–11 (2013).

INSTRUCTION NO. 25

<u>Statute Defining the Offenses - Counts One through Five</u>

Title 18, United States Code, Section 1203(a) defines the offenses of hostage taking and

conspiring to commit hostage-taking.  The statute provides in pertinent part:

> "… [w]hoever, whether inside or outside the United States, seizes or detains
> and threatens to kill, to injure, or to continue to detain another person in order
> to compel a third person or a governmental organization to do or abstain from
> doing any act as an explicit or implicit condition for the release of the person
> detained, or attempts or conspires to do so..."

shall be guilty of a crime when certain jurisdictional requirements that I will explain shortly are

satisfied.

Title 18, United States Code, Section 1203(a)

INSTRUCTION NO. 26

Nature of the Offense - Count One

Count One of the Indictment charges that:

From in and around November 2012 and continuing to on or about February 7, 2015, the defendant … EL SHAFEE ELSHEIKH, … who was first brought to and found in the Eastern District of Virginia, along with [Alexanda Amon Kotey,] Mohamed Emwazi and others known and unknown to the Grand Jury did conspire to seize, detain and threaten to kill, injure and continue to detain nationals of the United States of America traveling outside the United States, including:

(a) James Wright Foley, whose death resulted from this offense;

(b) Kayla Jean Mueller, whose death resulted from this offense;

(c) Steven Joel Sotloff, whose death resulted from this offense; and

(d) Peter Edward Kassig, whose death resulted from this offense;

each in order to compel a third person and a governmental organization, including, but not limited to, the United States of America and any part of its government, to pay a monetary ransom for the release of that U.S. national and to do and abstain from doing any act as an explicit or implicit condition for the release of that person.

(All in violation of Title 18, United States Code, Section 1203(a))

Indictment lightly modified.

INSTRUCTION NO. 27

Elements of the Offense – Count One

In order to prove the defendant guilty of conspiring to commit hostage-taking as alleged in Count One of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

(1) two or more persons entered into a conspiracy, the object of which was to commit hostage taking as described in the indictment;

(2) at some time during the existence or life of the conspiracy, the defendant knew of the purpose of the conspiracy;

(3) with knowledge of the purpose of the conspiracy, the defendant deliberately joined the conspiracy with the intent to further its purpose; and

(4) to establish jurisdiction, where, as here, the offense took place outside the United States, the government must prove beyond a reasonable doubt at least one of the following: (A) the person seized or detained, or whose seizure or detention was the object of the conspiracy, was a national of the United States; (B) the defendant was found in the United States; or (C) the United States government was the organization sought to be compelled.

The government has also charged that this offense resulted in a person's death. Therefore, when it comes time to deliberate on Count One, you must first determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of conspiring to commit hostage-taking under the elements I have just described. If you find that the defendant is guilty of conspiring to commit hostage-taking, you must then determine whether the government has proven beyond a reasonable doubt that at least one person's death resulted from the commission of this offense. I will give you instructions on the standard for death resulting at the end of the counts.

INSTRUCTION NO. 28

Nature of the Offense - Counts Two through Five

COUNT TWO

From on or about November 22, 2012 to on or about August 19, 2014, the defendant EL SHAFEE ELSHEIKH, who was first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury, all aided and abetted by each other, did seize, detain and threaten to kill, injure and continue to detain James Wright Foley, a national of the United States of America traveling outside the United States, in order to compel James Wright Foley's parents and a governmental organization, including, but not limited to, the United States of America and any part of its government, to pay a monetary ransom for the release of James Wright Foley and to do and abstain from doing any act as an explicit or implicit condition for the release of James Wright Foley.  James Wright Foley's death resulted from the commission of this offense.
(In violation of Title 18, United States Code, Sections 1203 and 2.)

COUNT THREE

From on or about August 4, 2013 to on or about February 7, 2015, the defendant EL SHAFEE ELSHEIKH, who was first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury, all aided and abetted by each other, did seize, detain and threaten to kill, injure and continue to detain Kayla Jean Mueller, a national of the United States of America traveling outside the United States, in order to compel Kayla Jean Mueller's parents and a governmental organization, including, but not limited to, the United States of America and any part of its government, to pay a monetary ransom for the release of Kayla Jean Mueller and to do and

abstain from doing any act as an explicit or implicit condition for the release of Kayla Jean Mueller.  Kayla Jean Mueller's death resulted from the commission of this offense.

(In violation of Title 18, United States Code, Sections 1203 and 2.)

## COUNT FOUR

From on or about August 4, 2013 to on or about September 2, 2014, the defendant EL SHAFEE ELSHEIKH, who was first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury, all aided and abetted by each other, did seize, detain and threaten to kill, injure and continue to detain Steven Joel Sotloff, a national of the United States of America traveling outside the United States, in order to compel Steven Joel Sotloff's parents and a governmental organization, including, but not limited to, the United States of America and any part of its government, to pay a monetary ransom for the release of Steven Joel Sotloff and to do and abstain from doing any act as an explicit or implicit condition for the release of Steven Joel Sotloff.  Steven Joel Sotloff's death resulted from the commission of this offense.

(In violation of Title 18, United States Code, Sections 1203 and 2.)

## COUNT FIVE

From on or about October 2, 2013 to on or about November 16, 2014, the defendant EL SHAFEE ELSHEIKH, who will be first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury, all aided and abetted by each other, did seize, detain and threaten to kill, injure and continue to detain Peter Edward Kassig, a national of the United States of America traveling outside the United States, in order to compel Peter Edward Kassig's parents and a governmental organization, including, but not limited to, the United States of America and any part of its

government, to pay a monetary ransom for the release of Peter Edward Kassig and to do and

abstain from doing any act as an explicit or implicit condition for the release of Peter Edward

Kassig.  Peter Edward Kassig's death resulted from the commission of this offense.

(In violation of Title 18, United States Code, Sections 1203 and 2.)

Indictment lightly modified.

INSTRUCTION NO. 29

<u>Essential Elements of the Offense – Counts Two through Five</u>

In order to prove the defendant guilty of hostage taking as alleged in Counts Two through Five of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

>    (1) that the defendant seized or detained the victim named in the indictment;

>    (2) that the defendant threatened to kill, injure, or continue to detain that person;

>    (3) that the defendant acted with the purpose of compelling a third person or government organization to act in some way, either to do or to abstain from doing any act as an explicit or implicit condition for releasing the person detained;

>    (4) to establish jurisdiction, where, as here, the alleged offense took place outside the United States, the government must prove beyond a reasonable doubt at least one of the following: (A) the person seized or detained was a national of the United States; (B) the defendant was found in the United States; or (C) the United States government was the organization sought to be compelled.

The government has also charged that these offenses resulted in the death of each victim named in the indictment.  Therefore, when it comes time to deliberate on Counts Two through Five, you must first determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of hostage-taking under the elements I have just described. If you find that the defendant is guilty of hostage-taking in a particular count, you must then determine whether the government has proven beyond a reasonable doubt that the victim's death resulted from the commission of that offense. I will give you instructions on the standard for death resulting at the end of the counts.

Title 18, United States Code, Section 1203(a); Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, Section III pps. 241-242 (2020 Online Edition).

INSTRUCTION NO. 30

First Element – Seizing or Detaining a Hostage

The first element the government must prove beyond a reasonable doubt is that the defendant seized or detained a person.

To "seize or detain" means to restrain, hold or confine a person against that person's will and without that person's consent for an appreciable period of time.

The government does not have to prove that defendant used physical force or violence to restrain the hostages.  It is sufficient that defendant threatened, frightened, deceived or coerced the hostages so as to cause the hostage to remain under defendant's control.

Matthew Bender & Co., 2-42 Modern Federal Jury Instructions - Criminal, § 42.02, Instruction 42-10 (modified); *United States v. Si Lu Tian*, 339 F.3d 143, 153 (2d Cir. 2003); *United States v. Carrion-Caliz*, 944 F.2d 220, 225 (5th Cir. 1991).

INSTRUCTION NO. 31

<u>Second Element – Threat to Kill or Injure</u>

The second element the government must prove beyond a reasonable doubt is that the

defendants threatened to kill, injure, or continue to detain the hostages.

A threat is a serious statement expressing an intention to kill, injure, or continue to detain

someone as distinguished from idle or careless talk, exaggeration, or something said in a joking

manner. A statement is a threat if it was made under such circumstances that a reasonable person

hearing or reading the statement would understand it as a serious expression of intent to inflict

harm on the person detained.

Matthew Bender & Co., 2-42 Modern Federal Jury Instructions-Criminal, Section 42.02, Instruction 42-11 (modified).

INSTRUCTION NO. 32

<u>Third Element – Intent to Compel Action by Third Party</u>

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the purpose to compel a third party or governmental organization to do or abstain from doing some act as a condition for releasing the person detained.

To satisfy this element, the government must prove that the threat the defendant made was for the purpose of compelling a third party other than the person being held to do something, including paying a ransom, or refrain from doing something. Further, the defendant must have acted knowingly and intentionally, and not as a result of accident or mistake.

The term "governmental organization" includes the United States government or any agency or department thereof.

Matthew Bender & Co., 2-42 Modern Federal Jury Instructions-Criminal, Section 42.02, Instruction 42-12 (modified).

INSTRUCTION NO. 33

<u>Aiding and Abetting – Explained</u>

A person may violate the law even though he does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of title 18 of the United States Code provides:

>"whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to prove the defendant guilty of aiding and abetting the commission of the crimes charged in Counts Two through Five of the indictment, the government must prove beyond a reasonable doubt:

(1) the defendant knew that the crime charged was to be committed or was being committed,

(2) the defendant knowingly did some act for the purpose of aiding or commanding or encouraging the commission of that crime, and

(3) the defendant acted with the intention of causing the crime charged to be committed.

Before the defendant may be found guilty as an aider or abettor to the crimes, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offenses charged as I have previously explained to you.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that the defendants aided and abetted the commission of that crime.

The government must prove that the defendant knowingly and deliberately associated himself with the crimes in some way as a participant—as someone who wanted the crime to be committed— not as a mere spectator.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice & Instructions</u>, § 18.01 (6th ed. 2008).

INSTRUCTION NO. 34

Co-Conspirator Responsibility for Substantive Offenses

A person may also be found guilty of committing an offense when his co-conspirator commits a substantive crime in furtherance of their conspiracy and that crime was reasonably foreseeable to him. In other words, a defendant is accountable for the crimes committed by his co-conspirators so long as those crimes were committed during the life of the conspiracy, were in furtherance of that conspiracy, and were reasonably foreseeable to the defendant.

In this case, the government has charged the defendant with conspiring with others to commit hostage-taking resulting in death in Count One and has charged the defendant with committing four substantive offenses of hostage-taking resulting in death in Counts Two through Five. If you find that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count One and the defendant's membership in it, you may also consider whether the defendant is guilty of Counts Two through Five through the reasonably foreseeable actions of his co-conspirators.

In other words, you may find the defendant guilty of Counts Two through Five because he personally committed the acts satisfying the essential elements, because he aided and abetted others who did, as defined above, or because his co-conspirators committed these crimes in furtherance of their shared conspiracy and they were reasonably foreseeable to him. In order to find the defendant guilty of one or more of Counts Two through Five through the actions of his co-conspirators, you must find that the Government proved beyond a reasonable doubt the following elements with respect to each individual count:

One:   that the essential elements of the particular charged offense were committed by a member of the conspiracy detailed in Count One;

Two:   that the charged offense was committed during the existence or life of the conspiracy detailed in Count One and in furtherance of one of its objects;

<u>Three</u>: that at the time that the charged offense was committed, the defendant was also a member of the conspiracy detailed in Count One; and

<u>Four</u>:  that the commission of the charged offense was reasonably foreseeable to the defendant.

If you find all four of these requirements proven beyond a reasonable doubt with respect to a specific substantive offense, you should find the defendant guilty of that offense. If any one of these requirements is not proved beyond a reasonable doubt with respect to a particular count, you may not rely on this theory to find the defendant guilty on that count.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31.10  (6th ed. 2008); *United States v. Ashley*, 606 F.3d 135, 142–44 (4th Cir. 2010).

INSTRUCTION NO. 35

Nature of the Offense – Count Six

Count Six of the Indictment Charges that:

From in and around November 2012 and continuing to on or about February 7, 2015, the defendant EL SHAFEE ELSHEIKH, who was first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury did conspire to commit murder, as defined by Title 18, United States Code, Section 1111(a), by unlawfully killing James Wright Foley, Kayla Jean Mueller, Steven Joel Sotloff, and Peter Edward Kassig, nationals of the United States, while these nationals were outside of the United States, each killing being willful, deliberate, malicious, and premeditated, and with malice aforethought.

Indictment lightly modified.

JURY INSTRUCTION NO. 36

Statute Defining the Offense – Count Six

Title 18, United States Code, Section 2332(b)(2) defines the offenses of Conspiracy to

Murder U.S. Nationals Outside of the United States.  The statute provides in pertinent part:

> Whoever outside of the United States … engages in a conspiracy to kill a national of the
> United States shall … in the case of a conspiracy by two or more persons to commit a
> killing that is murder …, if one or more of such persons do any overt act to effect the
> object of the conspiracy, [be punished]….

JURY INSTRUCTION NO. 37

<u>Essential Elements of the Offense – Count Six</u>

In order to prove the defendant guilty of conspiring to murder United States nationals outside the United States as alleged in Count Six, the government must prove beyond a reasonable doubt each of the following elements:

(1) two or more persons entered into a conspiracy, the object of which was to murder one or more nationals of the United States;

(2) the defendant knowingly and voluntarily became a member of the conspiracy, with the intent to further its purpose;

(3) the defendant engaged in the conspiracy while outside the United States; and

(4) one or more of the conspirators committed an overt act to effect the object of the conspiracy.

JURY INSTRUCTION NO. 38

Definitions for Count Six

The killing alleged in the indictment is murder as defined in 18 U.S.C. § 1111(a).

Murder is the unlawful killing of a human being with malice aforethought.  18 U.S.C. § 1111(a).

Murder includes any kind of willful, deliberate, malicious and premeditated killing.  *Id*.

Malice aforethought may be proved by an intent to kill or injure, or by evidence of conduct that is reckless and wanton and a gross deviation from a reasonable standard of care, such that you may infer that the defendant was aware of a serious risk of death or serious bodily harm. A killing is murder when it is perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being, including if the person intended to kill someone other than who is ultimately killed. Premeditation exists when a person has a fully formed conscious purpose to kill, even for a moment, as long as the person has sufficient time to be aware of the act he is about to commit and the probable result of that act. Likewise, a killing is murder when it is committed in the perpetration of, or an attempt to perpetrate, the crime of kidnapping.

An intent to kill need not be unconditional; that is, an intent to kill need not be an intent to kill the person in all circumstances. If a person intends to kill as an alternative or if some condition or demand is not complied with, that constitutes an intent to kill under the law.

*See United States v. Ball*, 18 F.4th 445, 456–47 (4th Cir. 2021); *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *Holloway v. United States*, 526 U.S. 1, 11 (1999).

JURY INSTRUCTION NO. 39

<u>Nature of the Offense – Count Seven</u>

Count Seven of the Indictment charges that:

From in and around November 2012 and continuing to on or about February 7, 2015, the defendant EL SHAFEE ELSHEIKH, who was first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury did conspire to provide "material support or resources," as that term is defined by Title 18, United States Code, Section 2339A, namely, personnel (including themselves) and services, knowing and intending that they were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 1203 (hostage taking) and Title 18, United States Code, Section 2332(a)(1) (murder).  The deaths of James Wright Foley, Kayla Jean Mueller, Steven Joel Sotloff, and Peter Edward Kassig, each a citizen of the United States, as well as the deaths of British and Japanese nationals, resulted from the commission of this offense.

(In violation of Title 18, United States Code, Section 2339A.)

Indictment lightly modified.

JURY INSTRUCTION NO. 40

Statute Defining the Offense – Count Seven

Whoever provides material support or resources … , knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section … 1203 [hostage taking] … [or section] 2332 [murder of U.S. national abroad] … and, if the death of any person results, shall be [punished]….

Title 18, United States Code, Section 2339A.

JURY INSTRUCTION NO. 41

Essential Elements of the Offense – Count Seven

In order to prove the defendant guilty of conspiracy to provide material support or resources to terrorists as alleged in Count Seven, the government must prove beyond a reasonable doubt each of the following elements:

(1) two or more persons entered into a conspiracy, the object of which was for a co-conspirator to provide material support or resources to be used in preparation for, or in carrying out, the commission of a violation of 18 U.S.C. § 1203 (hostage-taking) or 18 U.S.C. § 2332 (murder of U.S. nationals outside the U.S.); and,

(2) knowing the object of the conspiracy, the defendant joined the conspiracy with the intent to further its purpose.

The government has also charged that this offense resulted in a person's death. Therefore, when it comes time to deliberate on Count Seven, you must first determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of conspiring to provide material support or resources to terrorists under the elements I have just described. If you find that the defendant is guilty of conspiring to provide material support or resources to terrorists, you must then determine whether the government has proven beyond a reasonable doubt that at least one person's death resulted from the commission of this offense. I will give you instructions on the standard for death resulting at the end of the counts.

*See United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014).

JURY INSTRUCTION NO. 42

Nature of the Offense – Count Eight

Count Eight of the Indictment charges that:

From in or about 2012, and continuing thereafter up to and including in or about January 2018, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant EL SHAFEE ELSHEIKH, who will be first brought to and found in the Eastern District of Virginia; [Alexanda Amon Kotey and] Mohamed Emwazi; and others known and unknown to the Grand Jury did conspire to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, personnel (including themselves) and services, to a foreign terrorist organization—namely, ISIS, which at all relevant times was designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act—knowing that ISIS was a designated foreign terrorist organization, that ISIS engages and has engaged in terrorist activity, and that ISIS engages and has engaged in terrorism.  The deaths of James Wright Foley, Kayla Jean Mueller, Steven Joel Sotloff, Peter Edward Kassig, each a citizen of the United States, as well as the deaths of British and Japanese nationals, resulted from the commission of this offense.

 (In violation of Title 18, United Sates Code, Section 2339B.)

Indictment lightly modified.

JURY INSTRUCTION NO. 43

<u>Statute Defining the Offense – Count Eight</u>

Whoever knowingly provides material support or resources to a foreign terrorist

organization, or attempts or conspires to do so, … and, if the death of any person results, shall be

[punished…].

Title 18, United States Code, Section 2339B.

JURY INSTRUCTION NO. 44

Essential Elements of the Offense – Count Eight

In order to prove the defendant guilty of conspiracy to provide material support or resources to a foreign terrorist organization as alleged in Count Eight, the government must prove beyond a reasonable doubt each of the following elements:

(1) two or more persons engaged in a conspiracy, the object of which was for a co-conspirator to provide material support or resources to a designated foreign terrorist organization;

(2) knowing the object of the conspiracy, the defendant joined the conspiracy with the intent to further its purpose;

(3) the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

The government has also charged that this offense resulted in a person's death. Therefore, when it comes time to deliberate on Count Eight, you must first determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of conspiring to provide material support or resources to a foreign terrorist organization under the elements I have just described. If you find that the defendant is guilty of conspiring to provide material support or resources to terrorists, you must then determine whether the government has proven beyond a reasonable doubt that the victim's death resulted from the commission of this offense. I will give you instructions on the standard for death resulting at the end of the counts.

JURY INSTRUCTION NO. 45

<u>Definitions for Counts Seven and Eight</u>

<u>Material Support or Resources</u>:  The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.  The term "expert advice or assistance" means advice or assistance derived from scientific, technical, or other specialized knowledge.

<u>AUTHORITY</u>:  18 U.S.C. § 2339A(b)(1).

<u>Personnel</u>: The defendant can be convicted for a violation of this statute in connection with providing personnel if you find he knowingly provided one or more individuals, including himself, to work under ISIS's direction or control.  Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control. <u>AUTHORITY</u>: 18 U.S.C. § 2339B(h); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23-24 (2010).

<u>Service</u>: Service refers to concerted activity, not independent advocacy. Service means the performance of work commanded or paid for by another, or an act done for the benefit or at the command of another. <u>AUTHORITY</u>: *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23-24 (2010), *citing* Webster's Third New International Dictionary 2075 (1993).

<u>Foreign Terrorist Organization</u>:   The term "foreign terrorist organization" has a particular meaning under 18 U.S.C. § 2339B.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the

Secretary of State through a process established by law.  I instruct you as a matter of law that ISIS or the Islamic State has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated under a previous name -- "al-Qaeda in Iraq" -- by the Secretary of State on October 15, 2004.  I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing, among others: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), and Daesh.  <u>AUTHORITY</u>: *See* 69 Fed. Reg. 61,292-03, 2004 WL 2308731 (Oct. 15, 2004); 69 Fed. Reg. 75,587-02, 2004 WL 2912470 (Dec. 17, 2004); 77 Fed. Reg. 4082-01, 2012 WL 219134 (Jan. 26, 2012); 79 Fed. Reg. 27,972-03, 2014 WL 1917818 (May 15, 2014); 80 Fed. Reg. 58,804-04, 2015 WL 5695781 (Sept. 30, 2015).

<u>Terrorist Activity</u>: The term "terrorist activity" includes any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a government organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained, or conspiring to do so; or that involves the use of any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain) with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.  To "engage in terrorist activity" means to commit, or incite the commission of, terrorist activity with the intention to cause death or serious bodily injury, to prepare for or plan terrorist activity, to gather information on potential targets for terrorist activity, or to solicit funds for terrorist activity.  <u>AUTHORITY</u>: 8 U.S.C.

§ 1182(a)(3)(B)(iii)–(iv).

Terrorism:  The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

AUTHORITY: 22 U.S.C. § 2656f(d)(2).

INSTRUCTION NO. 46

"Death Results" Element & Special Verdict Form

The government has charged that the offenses in Counts One through Five, Seven, and Eight each resulted in the death of one or more persons named in the indictment. That means that if you conclude that the Government has proved beyond a reasonable doubt every element of an offense as I have previously explained them, you must then determine whether the Government has also proved beyond a reasonable doubt that a death resulted from the commission of that offense.

In order to prove that a death resulted from the commission of an offense, the Government must prove beyond a reasonable doubt that a person's death was a consequence of the offense being committed. That means that the Government must prove beyond a reasonable doubt that but for the commission of the offense, the victim would not have died.

It is sufficient if the Government proves that the commission of the offense combined with other factors to cause the victim's death, as long as those other factors would not have resulted in the victim's death regardless of whether the offense happened. The Government is not required to prove that the defendant, or anyone else, intended to cause the victim's death or that the victim's death was foreseeable to the defendant or others. The Government does not have to prove that any act personally done by the defendant caused the victim's death. It needs to prove beyond a reasonable doubt only that the defendant is guilty of committing the offense under the law previously explained and that if the offense had not been committed, the victim would not have died.

If you conclude that the Government has proven beyond a reasonable doubt that the defendant committed an offense charged in Counts One through Five, Seven, or Eight but the

Government has not proved beyond a reasonable doubt that a death resulted from that offense, you should write "Guilty" as to that offense on your verdict form but check the box stating that a death did not result from the commission of the offense. If you conclude that the Government has proved beyond a reasonable doubt both that the defendant committed an offense charged in Counts One through Five, Seven, or Eight and that a death resulted from that offense, then you should write "Guilty" as to the offense and check the box stating that a death resulted from the commission of the offense and that the defendant is therefore guilty of the more serious "resulting in death" offense.

*See Burrage v. United States*, 571 U.S. 204 (2014); *United States v. Campbell*, 963 F.3d 309, 315–16 (4th Cir. 2020); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994).

INSTRUCTION NO. 47

Verdict - Election of Foreperson - Duty to Deliberate - Unanimity -
Punishment - Form of Verdict - Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case individually, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any

intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form for the verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 21.01 (6th ed. 2008).

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1:20-CR-239 |
| v. | ) | |
| | ) | |
| EL SHAFEE ELSHEIKH, | ) | |
| | ) | |
| Defendant. | ) | The Honorable T.S. Ellis, III |

## **VERDICT FORM**

### **Count One**
(Conspiracy to Commit Hostage Taking)

**1a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of conspiring to commit hostage taking as charged in Count

    **(Guilty or Not Guilty)**

One of the Indictment.

*If you, the jury, find that the defendant is guilty of conspiring to commit hostage-taking under Count One, answer Question 1b. If you find that the defendant is not guilty of conspiring to commit hostage-taking under Count One, do not answer Question 1b, and proceed to Count Two.*

    **1b.** Check one:

        ____    We, the jury, unanimously find that a death resulted from the commission of this offense and that the defendant is therefore guilty of conspiring to commit hostage-taking resulting in death.

        ____    We, the jury, unanimously find that a death did not result from the commission of this offense and that the defendant is therefore not guilty of conspiring to commit hostage-taking resulting in death.

**Count Two**
(Hostage Taking – James Wright Foley)

**2a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of hostage taking as charged in Count Two of the Indictment.
   **(Guilty or Not Guilty)**

*If you, the jury, find that the defendant is guilty of hostage taking under Count Two, answer Question 2b. If you find that the defendant is not guilty of hostage taking under Count Two, do not answer Question 2b, and proceed to Count Three.*

**2b.** Check one:

_____ We, the jury, unanimously find that James Wright Foley's death resulted from the commission of this offense and that the defendant is therefore guilty of hostage-taking resulting in death.

_____ We, the jury, unanimously find that James Wright Foley's death did not result from the commission of this offense and that the defendant is therefore not guilty of hostage-taking resulting in death.

**Count Three**
(Hostage Taking – Kayla Jean Mueller)

**3a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of hostage taking as charged in Count Three of the Indictment.
   **(Guilty or Not Guilty)**

*If you, the jury, find that the defendant is guilty of hostage taking under Count Three, answer Question 3b. If you find that the defendant is not guilty of hostage taking under Count Three, do not answer Question 3b, and proceed to Count Four.*

**3b.** Check one:

_____ We, the jury, unanimously find that Kayla Jean Mueller's death resulted from the commission of this offense and that the defendant is therefore guilty of hostage-taking resulting in death.

_____ We, the jury, unanimously find that Kayla Jean Mueller's death did not result from the commission of this offense and that the defendant is therefore not guilty of hostage-taking resulting in death.

## Count Four
(Hostage Taking – Steven Joel Sotloff)

**4a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of hostage taking as charged in Count Four of the Indictment.
**(Guilty or Not Guilty)**

*If you, the jury, find that the defendant is guilty of hostage taking under Count Four, answer Question 4b. If you find that the defendant is not guilty of hostage taking under Count Four, do not answer Question 4b, and proceed to Count Five.*

**4b.** Check one:

_____ We, the jury, unanimously find that Steven Joel Sotloff's death resulted from the commission of this offense and that the defendant is therefore guilty of hostage-taking resulting in death.

_____ We, the jury, unanimously find that Steven Joel Sotloff's death did not result from the commission of this offense and that the defendant is therefore not guilty of hostage-taking resulting in death.

## Count Five
(Hostage Taking – Peter Edward Kassig)

**5a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of hostage taking as charged in Count Five of the Indictment.
**(Guilty or Not Guilty)**

*If you, the jury, find that the defendant is guilty of hostage taking under Count Five, answer Question 5b. If you find that the defendant is not guilty of hostage taking under Count Five, do not answer Question 5b, and proceed to Count Six.*

**5b.** Check one:

_____ We, the jury, unanimously find that Peter Edward Kassig's death resulted from the commission of this offense and that the defendant is therefore guilty of hostage-taking resulting in death.

_____ We, the jury, unanimously find that Peter Edward Kassig's death did not result from the commission of this offense and that the defendant is therefore not guilty of hostage-taking resulting in death.

## **Count Six**
### (Conspiracy to Murder U.S. Nationals Outside the United States)

**6.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of conspiring to murder U.S. nationals outside the United States
   **(Guilty or Not Guilty)**

as charged in Count Six of the Indictment.

## **Count Seven**
### (Conspiracy to Provide Material Support to Terrorists)

**7a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of conspiring to provide material support to terrorists as charged
   **(Guilty or Not Guilty)**

in Count Seven of the Indictment.

*If you, the jury, find that the defendant is guilty of conspiring to provide material support to terrorists under Count Seven, answer Question 7b. If you find that the defendant is not guilty of conspiring to provide material support to terrorists under Count Seven, do not answer Question 7b, and proceed to Count Eight.*

      **7b.** Check one:

     ____   We, the jury, unanimously find that a death resulted from the commission of this offense and that the defendant is therefore guilty of conspiring to provide material support to terrorists resulting in death.

     ____   We, the jury, unanimously find that a death did not result from the commission of this offense and that the defendant is therefore not guilty of conspiring to provide material support to terrorists resulting in death.

### Count Eight
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

**8a.** We, the jury, unanimously find the defendant, EL SHAFEE ELSHEIKH,

_____ of conspiring to provide material support to a foreign terrorist
   **(Guilty or Not Guilty)**

organization as charged in Count Eight of the Indictment.

*If you, the jury, find that the defendant is guilty of conspiring to provide material support to a foreign terrorist organization under Count Eight, answer Question 8b. If you find that the defendant is not guilty of conspiring to provide material support to a foreign terrorist organization under Count Eight, do not answer Question 8b.*

**8b.** Check one:

_____    We, the jury, unanimously find that a death resulted from the commission of this offense and that the defendant is therefore guilty of conspiring to provide material support to terrorists resulting in death.

_____    We, the jury, unanimously find that a death did not result from the commission of this offense and that the defendant is therefore not guilty of conspiring to provide material support to terrorists resulting in death.

So, Say We All, this ____ day of February, 2022.

_____
FOREPERSON