Further, the Commission notes that the Reporting Authority that provides the Disclosed Portfolio must implement and maintain, or be subject to, procedures designed to prevent the use and dissemination of material non-public information regarding the actual components of the portfolio.[23] The Exchange states that it has a general policy prohibiting the distribution of material, non-public information by its employees. The Commission also notes that the Exchange is able to obtain information with respect to the Underlying ETPs from the U.S. exchanges, which are members of the Intermarket Surveillance Group, listing and trading such Underlying ETPs.

The Exchange further represents that the Shares are deemed to be equity securities, thus rendering trading in the Shares subject to the Exchange's existing rules governing the trading of equity securities. In support of this proposal, the Exchange has made representations, including:

(1) The Shares will conform to the initial and continued listing criteria under NYSE Arca Equities Rule 8.600.

(2) The Exchange has appropriate rules to facilitate transactions in the Shares during all trading sessions.

(3) The Exchange's surveillance procedures applicable to derivative products, which include Managed Fund Shares, are adequate to properly monitor Exchange trading of the Shares in all trading sessions and to deter and detect violations of Exchange rules and applicable federal securities laws. All Underlying ETPs will be listed on national securities exchanges, all of which are members of the Intermarket Surveillance Group.

(4) Prior to the commencement of trading, the Exchange will inform its Equity Trading Permit ("ETP") Holders in an Information Bulletin of the special characteristics and risks associated with trading the Shares. Specifically, the Information Bulletin will discuss the following: (a) The procedures for purchases and redemptions of Shares in Creation Unit aggregations (and that Shares are not individually redeemable); (b) NYSE Arca Equities Rule 9.2(a), which imposes a duty of due diligence on its ETP Holders to learn the essential facts relating to every customer prior to trading the Shares; (c) the

risks involved in trading the Shares during the Opening and Late Trading Sessions when an updated Portfolio Indicative Value will not be calculated or publicly disseminated; (d) how information regarding the Portfolio Indicative Value is disseminated; (e) the requirement that ETP Holders deliver a prospectus to investors purchasing newly issued Shares prior to or concurrently with the confirmation of a transaction; and (f) trading information.

(5) For initial and/or continued listing, the Fund will be in compliance with Rule 10A–3 under the Act,[24] as provided by NYSE Arca Equities Rule 5.3.

(6) The Fund will not: (a) Purchase illiquid securities, including Rule 144A securities and loan participation agreements; (b) pursuant to the terms of the Exemptive Order, invest in options contracts, futures contracts, or swap agreements; and (c) except for Underlying ETPs that may hold non-U.S. issues, otherwise invest in non-U.S. issues.

(7) The Fund's investments will be consistent with the Fund's investment objective and will not be used to enhance leverage.

(8) A minimum of 100,000 Shares of the Fund will be outstanding at the commencement of trading on the Exchange.

This approval order is based on the Exchange's representations.

For the foregoing reasons, the Commission finds that the proposed rule change is consistent with Section 6(b)(5) of the Act[25] and the rules and regulations thereunder applicable to a national securities exchange.

## IV. Conclusion

It is therefore ordered, pursuant to Section 19(b)(2) of the Act,[26] that the proposed rule change (SR–NYSEArca–2011–86) be, and it hereby is, approved.

For the Commission, by the Division of Trading and Markets, pursuant to delegated authority.[27]

**Kevin M. O'Neill,**
*Deputy Secretary.*

[FR Doc. 2012–1582 Filed 1–25–12; 8:45 am]

**BILLING CODE 8011–01–P**

---

# DEPARTMENT OF STATE

**[Public Notice 7774]**

## Review and Amendment of the Designation of al-Qa'ida in Iraq, et al. as a Foreign Terrorist Organization Pursuant to Section 219 of the Immigration and Nationality Act

In the Matter of the Review and Amendment of the Designation of al-Qa'ida in Iraq, aka Jam'at al Tawhid wa'al-Jihad, aka The Monotheism and Jihad Group, aka The al-Zarqawi Network, aka al-Tawhid, aka Tanzim Qa'idat al-Jihad fi Bilad al-Rafidayn, aka The Organization of al-Jihad's Base of Operations in Iraq, aka al-Qaida of Jihad in Iraq, aka al-Qaida in Iraq, aka al-Qaida in Mesopotamia, aka al-Qaida in the Land of the Two Rivers, aka al-Qaida of the Jihad in the Land of the Two Rivers, aka al-Qaida of Jihad Organization in the Land of the Two Rivers, aka al-Qaida Group of Jihad in Iraq, aka al-Qaida Group of Jihad in the Land of the Two Rivers, aka The Organization of Jihad's Base in the Country of the Two Rivers, aka The Organization Base of Jihad/Country of the Two Rivers, aka The Organization of al-Jihad's Base in the Land of the Two Rivers, aka The Organization Base of Jihad/Mesopotamia, aka The Organization of al-Jihad's Base of Operations in the Land of the Two Rivers, aka Tanzeem qa'idat al Jihad/Bildad al Raafidaini, as a Foreign Terrorist Organization pursuant to Section 219 of the Immigration and Nationality Act.

Based upon a review of the Administrative Record assembled in this matter pursuant to Section 219(a)(4)(C) of the Immigration and Nationality Act, as amended (8 U.S.C. 1189(a)(4)(C)) ("INA"), and in consultation with the Attorney General and the Secretary of the Treasury, the Secretary of State concludes that the circumstances that were the basis for the 2004 designation of the aforementioned organization as a foreign terrorist organization have not changed in such a manner as to warrant revocation of the designation and that the national security of the United States does not warrant a revocation of the designation, and that there is a sufficient factual basis to find that al-Qa'ida in Iraq, also known under the aliases listed above, uses or has used an additional alias, namely, Islamic State of Iraq.

Therefore, the Secretary of State hereby determines that the designation of the aforementioned organization as a foreign terrorist organization, pursuant to Section 219 of the INA (8 U.S.C. 1189), shall be maintained, and in addition, effective upon the date of publication in the **Federal Register**, the Secretary of State hereby amends the 2004 designation of al-Qa'ida in Iraq as a foreign terrorist organization, pursuant to § 219(b) of the INA (8 U.S.C. 1189(b)), to include the following new alias and other possible transliterations thereof: Islamic State of Iraq.

Dated: January 11, 2012.

**Hillary Rodham Clinton,**
*Secretary of State.*

[FR Doc. 2012–1538 Filed 1–25–12; 8:45 am]

**BILLING CODE 4710–10–P**

---

Act makes it unlawful for an investment adviser to provide investment advice to clients unless such investment adviser has (i) adopted and implemented written policies and procedures reasonably designed to prevent violation, by the investment adviser and its supervised persons, of the Advisers Act and the Commission rules adopted thereunder; (ii) implemented, at a minimum, an annual review regarding the adequacy of the policies and procedures established pursuant to subparagraph (i) above and the effectiveness of their implementation; and (iii) designated an individual (who is a supervised person) responsible for administering the policies and procedures adopted under subparagraph (i) above.

[23] *See* NYSE Arca Equities Rule 8.600(d)(2)(B)(ii).

[24] *See* 17 CFR 240.10A–3.

[25] 15 U.S.C. 78f(b)(5).

[26] 15 U.S.C. 78s(b)(2).

[27] 17 CFR 200.30–3(a)(12).