**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Virginia**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　v.<br><br>EL SHAFEE ELSHEIKH,<br>　　　　　　　*Defendant*. | Case No. 1:20CR239-2<br>Honorable T.S. Ellis, III<br><br>Trial: March 29, 2022 |

**DEFENDANT'S RENEWED MOTION *IN LIMINE*
TO EXCLUDE STATEMENTS OF CO-DEFENDANT**

El Shafee Elsheikh, by counsel, moves this Court to exclude from evidence in this case statements given by co-defendant Alexanda Kotey during various media interviews in 2018. In support thereof, Mr. Elsheikh states as follows:

**DISCUSSION**

On October 1, 2021, the government moved *in limine* for a determination of whether the several media interviews given by Alexanda Kotey were admissible at a trial against Elsheikh. Dkt. 96; Dkt. 139. On October 22, 2021, Elsheikh filed an extensive opposition to the government's motion, and asked that this Court exclude these interviews from trial. Dkt. 129. On January 4, 2022, this Court entered a ruling on the defendant's Motion to Suppress (Dkt. 100, 101), but did not address the government's request to admit at trial Kotey's various media interviews. See Dkt. 188. The government has since revised its request concerning Kotey's statements and has informed counsel that it seeks to introduce only three media interviews conducted in 2018 during which both Elsheikh and Kotey were present.[1]

---

[1] These media clips were included in the government's original motion and are detailed in Attachment 1 of Dkt. 139, a table setting forth the media clips that the government intended to offer at trial. The government has advised counsel that it now seeks only to admit interviews

1

The with limited exception, interviews laid out above are wholly irrelevant to any fact at issue in the pending trial, and as such should be excluded.[2] Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.  Relevance also requires that "the fact is of consequence in determining the action." Fed. R. Evid. 401; See *United States v. Taylor*, 900 F.2d 779, 782 (4th Cir. 1990).  Under FRE 402, evidence that is not relevant shall be excluded from a trial.  See *United States v. Smallwood*, 306 F. Supp. 2d 582, 586 (E.D. Va. 2004) (quoting *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003)).

Evidence is relevant when it is introduced to show the likelihood that a defendant committed an element of a crime, or when a piece of evidence makes the commission of the crime itself more likely.  However, Kotey's statements during the media interviews, as reflected in the transcripts, do nothing of the sort.  In government Attachment 3, Elsheikh states that the ISIS videos showing western journalists being beheaded speak for themselves and that he has no knowledge of the circumstances behind the creation of the video.  Kotey's singular contribution to this interview was his statement at the very end of the media clip describing his perception of war and collateral damage.  Kotey's perceptions of war and collateral damage are irrelevant to Elsheikh's guilt or innocence.  In government Attachment 5, where Elsheikh is discussing religious obligations, Kotey's sole contribution is another statement at the very end of the clip concerning the United States' involvement in Syria.  Finally, in government Attachment 7, Kotey

---

described as Attachments 3, 5 and 7. See Exhibit 1 (transcripts provided by the government of the media interviews at issue here).

[2] Defendant concedes that Elsheikh's admission that he was a cadet has relevance for the government's case.

says nothing besides a one-line sentence about not wanting to use the military's phonetic alphabet.

Simply put, not one of Kotey's statements in above referenced media interviews is at all relevant to a fact at issue in the present trial.

## CONCLUSION

For the aforementioned reasons, and those laid-out in Defendant's Response In Opposition To Government's Motion In Limine To Establish Admissibility Of Defendants' Statements Pursuant To Federal Rule Of Evidence 104 (Dkt. 129), the government's motion seeking to introduce statements made by Alexander Kotey in various media interviews should be denied.

                                                Respectfully Submitted,

                                                EL SHAFEE ELSHEIKH,
By Counsel
_____/s/_____
Nina J. Ginsberg, VSB # 19472
Zachary A. Deubler, VSB # 90669
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
(703) 684-4333 (T)
nginsberg@dimuro.com
zdeubler@dimuro.com

_____/s/_____
Edward B. MacMahon, Jr., VSB # 25432
Law Offices of Edward B. MacMahon, Jr.
P.O. Box 25
107 East Washington Street
Middleburg, VA 20188
(540) 687-3902 (T)
ebmjr@macmahon-law.com

        /s/
Jessica N. Carmichael, VSB #78339
Yancey Ellis, VSB #70970
Carmichael Ellis & Brock, PLLC
108 N. Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 684-7908
jessica@carmichaellegal.com
yancey@carmichaellegal.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of March 2022, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

    /s/
Zachary A. Deubler, Esq.

4