IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 1:20-cr-239 |
| | ) | |
| EL SHAFEE ELSHEIKH, | ) | |
| Defendant. | ) | |

## ORDER

This eight-count prosecution for hostage-taking and criminal conspiracy is before the Court on the Government's "Memorandum re: Admissibility of Out-of-Court Statements." Dkt. 218. The Government's Memorandum discusses general bases for the admissibility of out-of-court statements by deceased victims of the alleged hostage-taking conspiracy, including:

> (1) statements by the hostages to their fellow captives about the circumstances of their own abductions and captivity, their physical and mental state, including descriptions of pain and injury, and statements concerning observations about the individuals holding them whom the hostages dubbed "the Beatles," or background information the hostages learned about the Beatles; (2) video and audio recordings of the hostages that were sent to the hostages' families as proof of life; (3) responses the hostages made to demands by the Beatles for information relating to the ransom negotiations such as email addresses, contact details, and answers to proof-of-life questions, and (4) letters written by the hostages while in captivity.

Dkt. 218 at 2–3. However, the Government's Memorandum does not list the specific statements that the Government intends to elicit at trial. In order to ensure efficient resolution, pretrial, of issues of evidentiary admissibility, the Government shall submit a supplemental brief listing the statements, video recordings, and letters by deceased victims that it intends to elicit at trial.

Additionally, at oral argument on March 18, 2022, the Government argued that the forfeiture by wrongdoing exception to the rule against admission of hearsay and the Confrontation Clause applies to all statements by the deceased victims. The Defendant

responded, *inter alia*, that the Government has offered insufficient evidence regarding the circumstances of Kayla Mueller's death.

For the purpose of resolving the Government's argument with respect to the forfeiture by wrongdoing exception, the Government shall also submit a brief setting forth a list of facts regarding Kayla Mueller's death supported by the evidence the Government intends to elicit at trial.

Accordingly, for reasons stated in this Order,

It is hereby **ORDERED** that the Government shall submit a brief listing the statements, video recordings, and letters by deceased victims that it intends to elicit at trial no later than **March 23, 2022 at 5:00 p.m.**

It is further **ORDERED** that the Government shall submit a brief setting forth a list of facts and anticipated evidence regarding Kayla Mueller's death no later than **March 23, 2022 at 5:00 p.m.**

It is further **ORDERED** that any argument with respect to the proffered statements by deceased victims, if necessary, shall be presented at the Final Pretrial Conference on **March 25, 2022 at 11:00 a.m.**

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
March 18, 2022

/s/
T. S. Ellis, III
United States District Judge