```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF VIRGINIA
 2                          Alexandria Division

 3    UNITED STATES OF AMERICA,        :     Criminal Case
                                       :     No. 20-CR-00239-TSE
 4                 Plaintiff           :
              v.                       :
 5                                     :
      EL SHAFEE ELSHEIKH,              :     April 14, 2022
 6                                     :     10:00 a.m.
                   Defendant           :
 7    ............................     :     .......................

 8                  TRANSCRIPT OF TRIAL PROCEEDINGS
                       JURY NOTES AND VERDICT
 9              BEFORE THE HONORABLE T.S. ELLIS, III
                     UNITED STATES DISTRICT JUDGE
10                          and a jury

11    APPEARANCES:

12    FOR THE PLAINTIFF:          RAJ PAREKH
                                  JOHN T. GIBBS
13                                DENNIS FITZPATRICK
                                  ALICIA H. COOK
14                                U.S. ATTORNEY'S OFFICE
                                  2100 Jamieson Avenue
15                                Alexandria, VA  22314
                                  703-299-3700
16
      FOR THE DEFENDANT:          NINA J. GINSBERG
17                                ZACHARY ANDREW DEUBLER
                                  DiMURO GINSBERG PC
18                                1101 King Street
                                  Suite 610
19                                Alexandria, VA  22314
                                  703-684-4333
20
                                  EDWARD B. MacMAHON
21                                LAW OFFICES OF
                                  EDWARD B. MacMAHON, JR.
22                                PO Box 25
                                  107 East Washington Street
23                                Middleburg, VA  20118
                                  540-687-6366
24
                                  (APPEARANCES CONTINUED ON
25                                FOLLOWING PAGE.)
```

2

```
1       FOR THE DEFENDANT:            JOHN EDWARD YANCEY ELLIS
                                     CARMICHAEL ELLIS & BROCK
2                                    108 N. Alfred Street
                                     1st Floor
3                                    Alexandria, VA  22314
                                     703-684-7908
4

5       OFFICIAL COURT REPORTER:     REBECCA STONESTREET, RPR, CRR
                                     U.S. District Court, 9th Floor
6                                    401 Courthouse Square
                                     Alexandria, Virginia  22314
7                                    (240) 426-7767

8
                            ( Pages 1 - 36)
9

10
                COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    **P R O C E E D I N G S**

2          THE COURT:  Good morning.  This is United States

3    against El Shafee Elsheikh, 20-CR-239.  And the jury will

4    continue their deliberations.  I'm going to have the jury

5    brought in.  I didn't note that the defendant and his counsel

6    and the counsel for the government are present.

7          I always convene the jury in the morning of a

8    several-day matter.  Other courts simply have them show up and

9    begin their deliberations.  Nothing wrong with that in law, but

10   I don't do it that way.

11         (Jury in at 10:01 a.m.)

12         THE COURT:  Good morning, ladies and gentlemen.  As we

13   always do, we will begin with the calling of the roll by the

14   deputy clerk, and then I will excuse you to return to the area

15   in which you're deliberating so that you can continue your

16   deliberations.

17         All right.  You may call the roll, please.

18         COURTROOM CLERK:  Juror Number 50, Laura Ann Younger.

19         JUROR:  Present.

20         COURTROOM CLERK:  Juror Number 29, Wayne Phoel.

21         JUROR:  Present.

22         COURTROOM CLERK:  Juror Number 3, James Bailes.

23         JUROR:  Present.

24         COURTROOM CLERK:  Juror Number 20, Alfred Keyser.

25         JUROR:  Present.

4

```
1              COURTROOM CLERK:  Juror Number 50, Esthar Zangeneh.

2              JUROR:  Present.

3              COURTROOM CLERK:  Juror Number 22, John Kugelman.

4              JUROR:  Present.

5              COURTROOM CLERK:  Juror Number 26, Jennifer Murray.

6              JUROR:  Present.

7              COURTROOM CLERK:  Juror Number 14, Mirenda Fields.

8              JUROR:  Present.

9              COURTROOM CLERK:  Juror Number 14, Anne Fay.

10             JUROR:  Present.

11             COURTROOM CLERK:  Juror Number 10, Erica Denham.

12             JUROR:  Present.

13             COURTROOM CLERK:  Juror Number 30, Camille Morrison.

14             JUROR:  Present.

15             COURTROOM CLERK:  Juror Number 47, Adrian White.

16             JUROR:  Present.

17             THE COURT:  Once again, good morning ladies and

18     gentlemen.  I hope you had a restful evening and that you were

19     successful to put the matter out of your mind.

20             As always, I will ask whether there were any of you

21     that were unable to adhere to the Court's instructions to

22     refrain from discussing the matter among yourselves or with

23     anyone, or undertaking any investigation on your own.  If you

24     were unable to do that, raise your hands.

25             The record will reflect no hands are raised.  As
```

1    usual -- not as usual.  Contrary to the usual practice, I won't

2    tell you to refrain from discussing the matter among yourselves,

3    because now you must go back and continue your deliberations.

4    And as I've told you before, you may deliberate as long or as

5    little as you like.  That's entirely up to you.

6            You may take breaks whenever you wish, but if one of

7    you has to be absent to go to the facilities or use the men's

8    room or ladies' room or whatever, you must cease your

9    deliberations.  You can only deliberate - by that I mean you can

10   only talk about the case - when all 12 of you are present and

11   the door is closed.

12           All right.  You may follow the court security officer

13   out and continue your deliberations.

14           (Jury out at 10:03 a.m.)

15           THE COURT:  All right.  Court stands in recess until we

16   have a verdict or have another question or query from the jury.

17   Court stands in recess.

18           (Recess taken at 10:04 a.m.)

19           THE COURT:  You may be seated.  We have two notes from

20   the jury.  I'm going to read each note.  I will then have the

21   court security officer show you what the notes say at the

22   podium.  You can all look at them at the podium.

23           Then I will tell you what answers I propose to give,

24   and then I will give each side an opportunity to tell me whether

25   they agree with what I intend to say or whether what I intend to

1    say is wrong or should be amended or revised in any way.

2            Any questions Mr. Fitzpatrick or Mr. MacMahon?

3            MR. FITZPATRICK:  No, Your Honor.

4            MR. MACMAHON:  No, Your Honor.

5            THE COURT:  The first note is very straightforward.  It

6    says:  "Can we get a written copy of the indictment, as the

7    verdict form refers specifically to the indictment.  Thank you,

8    Wayne Phoel."

9            The answer I propose to give to them is:  "Yes, you can

10   have a copy of the indictment," but, and then I will give the

11   instruction that I gave at the outset and gave in the interim,

12   and, again, I'll give again, that the indictment itself is not

13   proof or evidence of guilt of any kind whatsoever.  It's merely

14   the government's form or means of accusing formally a defendant

15   of a crime.

16           Now, you should consider the answer I've given and tell

17   me if you think it should be modified or changed in any way.  I

18   think telling them "no" is the wrong answer, because they are

19   entitled to see the indictment if it's referred to.  It was

20   referred to not just in the verdict form but in the

21   instructions.

22           In any event, I'll give you an opportunity to do that,

23   to think about that for a moment.

24           Now, the second note, the second note is by a different

25   juror.  The second note is dated 4/14/2022.  The other one was

1    dated today, but this one has the time on it as well.  And it

2    says:  "Should the language of Count 8, sub (B)," meaning

3    subparagraph B, "read, quote, 'material support to a Foreign

4    Terrorist Organization,' closed quotes, rather than to, quote,

5    'terrorists,' closed quotes, when asking if death resulted?  As

6    it now is stated, the language of 8(B) is the same as 7(B)."

7    And that is signed Adrian White, Juror Number 47.

8             Now, the answer to that is a little more complicated,

9    but really quite simple.  They're right, the verdict form isn't

10   as accurate, and that's my fault.  You-all did the verdict form,

11   you told me you had agreed to it, and I did not give it the

12   inspection it should have been given.

13            They're quite right to catch that, because for Count 8,

14   which now says, "Provide" -- of the verdict form, which now

15   says, "provide material support to terrorists resulting in

16   death," it should say, "provide material support to a Foreign

17   Terrorist Organization."  And that should have been in both of

18   them.  And they noticed that difference in the jury verdict

19   form.

20            All right.  Let me have the court security officer show

21   it to counsel, both counsel at the podium.

22            Mr. MacMahon, are you going to look at the notes?

23            MR. MACMAHON:  Yes, Your Honor.  Thank you.

24            THE COURT:  Well, I don't usually permit you to take

25   the notes.  That's why I do it at the podium.

8

1           MR. MACMAHON:  Okay.  Excuse me, Your Honor.

2           THE COURT:  Both of them at the same time.  I know it's

3      a strange practice and habit of mine, but that's the way I've

4      done it.

5           MR. MACMAHON:  As you wish, Your Honor.  Thank you.

6      They're read exactly correctly.

7           THE COURT:  All right.  Now, I've told you what answers

8      I intend to give, but, of course, if there's an objection or a

9      suggestion to do it differently, I will be glad to do so.

10          Let me reiterate what I said I intend to tell the jury.

11     The first one I think is relatively simple:  Can we get a

12     written copy of the indictments, as the verdict form refers

13     specifically to the indictments.

14          I don't think it refers specifically to plural

15     indictments.  There's only one indictment.  But I could be

16     wrong.  I'm not going to quibble about that.  But the answer to

17     that is going to be:  "Yes.  But I hasten to instruct you, as I

18     have before, that the indictment is only a formal means the

19     government has of accusing a defendant of a crime.  It is not

20     itself proof or evidence of guilt of any kind whatsoever."

21          MR. FITZPATRICK:  Your Honor, can we confer?

22          THE COURT:  Yes, you go first, Mr. Fitzpatrick.  Any

23     problem with that answer?  You want to discuss something with

24     them?

25          MR. FITZPATRICK:  Yes, briefly.

1          THE COURT:  Yes, by all means you may do so.

2          MR. FITZPATRICK:  Thank you, Judge.  With respect to

3     the question about the incorrect verdict form --

4          THE COURT:  Well, let's do the indictment first.  Then

5     we'll go to that one.

6          MR. FITZPATRICK:  On the indictment, Your Honor, the

7     parties would request that we just sent the formal statutory

8     language portions of the indictment back, and not the overt acts

9     or the --

10          THE COURT:  All right.  Is that a joint request by the

11    government and the defendant?

12          MR. FITZPATRICK:  Yes.

13          MR. MACMAHON:  It is, Your Honor.

14          THE COURT:  All right.  That's a sensible request, and

15    I will grant that request.  There's a lot of material -- that's

16    why I didn't send it back.  And I don't want them poring over it

17    like a Tora scholar trying to read something into it.

18          But I want you two, Mr. MacMahon and Mr. Fitzpatrick,

19    and all of your phalanx of assistants, to get a copy of the

20    indictment now and tell me what portions you want or will agree

21    to send back to the jury.  And let's do it right now so that I

22    can see it and decide whether I agree with you or not.

23          Now, I'll give you -- that shouldn't be difficult.  The

24    overt acts are labeled.  Have you already done it, Mr. MacMahon?

25          MR. MACMAHON:  No, Your Honor.

1          THE COURT:  All right.  I'll give you a minute to do

2    that.  Let's go to the second question.

3          Now, Mr. Fitzpatrick, they clearly have spotted

4    something that should have been spotted before, and, in my

5    opinion, I think I will tell them that it's my error and that it

6    should have said in 8(B), a Foreign Terrorist Organization.

7          MR. FITZPATRICK:  Correct.  Correct.  I think it's in

8    (A) and (B).

9          THE COURT:  (A) -- well, yes.

10         MR. FITZPATRICK:  So strike "terrorists" --

11         THE COURT:  Well, actually, Count 8 says Foreign

12   Terrorist Organization, as charged in Count 8 of the indictment.

13   The problem is, when you go to 8(B), it only says "terrorists."

14         MR. FITZPATRICK:  I think for both of the

15   death-resulting options --

16         THE COURT:  Yes, both of them need to be changed to

17   Foreign Terrorist Organization.

18         MR. FITZPATRICK:  Correct.

19         THE COURT:  Do you agree, Mr. MacMahon?

20         MR. MACMAHON:  Yes, Your Honor.

21         THE COURT:  All right.  Now, I think it would be all

22   right for me to prepare that page right now with the change,

23   show it to you-all, and give that one page to the jury.  Any

24   objection to that?  She's already done it.  Or they have already

25   done it.

11

```
1          So take a look.  Let me hand this to the court security
2    officer.  You may both look at it.  That's what I intend -- and
3    I'm going to have the jury brought in and I'm going to tell them
4    all of this, and I'm going to give them this one page to
5    substitute for the page that they were given.  And the reason I
6    do that is I don't know what they've written on the previous
7    pages, and I don't want them to have to write everything all
8    over again.
9          All right.  I've disposed of the second question.  Now
10   we go back to the first question.
11          MR. FITZPATRICK:  Judge, if you would allow us, we have
12   the indictment in electronic form on our system, so we could run
13   down, make the appropriate redactions, show it to Mr. MacMahon
14   and his team, and bring it back up.  I think we could accomplish
15   that in 20 minutes.
16          THE COURT:  Let's do it that way, then.  It may
17   coincide with the fact that lunches were delivered.  I think
18   what I'll do is bring them in now and tell them that we're going
19   to provide them, and I'll tell them there will be redactions,
20   because that's why I didn't send it back in the first place.
21   But they are entitled to have, or they will be -- I don't know
22   if I'll use entitled.  They will be able to have the indictment,
23   the one indictment, and to use it.
24          Mr. MacMahon, any changes?
25          MR. MACMAHON:  No, Your Honor.
```

12

 1          THE COURT:  All right.  You may be seated.  Let's bring

 2     the jury in.

 3          (Jury in at 10:43 a.m.)

 4          THE COURT:  Ladies and gentlemen, I have your two

 5     notes, which I am going to read and respond to.  But let me

 6     note, more importantly -- not more importantly, but note

 7     importantly, your lunches have arrived.

 8          All right.  The first note says:  "4/14/2022,

 9     11:10 a.m., Should the language of Count8, sub Part (B), read,

10     'material support to a Foreign Terrorist Organization,' rather

11     than 'to terrorists,'" in quotes, "when asking if the death

12     resulted.  As it now is stated, the language of 8(B) is the same

13     as 7(B)."  Signed by Adrian White, Juror 47.

14          The answer to that question is, you sharp-eyed people

15     have found an error that I made.  It's my error.  And yes, it

16     should be Foreign Terrorist Organization, and I am going to

17     provide you with a revised final page of the verdict form that

18     now, for 8(B), says Foreign Terrorist Organization for both of

19     the blanks there.  And that's the question that you asked.

20          The second question is:  "4/14/2022, can we get a

21     written copy of the indictments, as the verdict form refers

22     specifically to the indictments.  Thank you, Wayne Phoel."

23          Yes.  The answer to the question is yes, you will be

24     provided, but there will be redactions in the indictment, which

25     is why you didn't get it in the first place.  Because as I

13

1    instructed you and emphasized at the outset, an indictment is

2    not proof or evidence of guilt of any kind whatsoever, it's only

3    the formal means the government has of accusing a defendant of a

4    crime.

5            So I will provide it to you, perfectly all right.  It

6    will have some redactions, and you may use it in any way you see

7    fit, but it itself is not evidence or proof of guilt.

8            All right.  I've answered your questions.  I'm going to

9    let you go back now and you may continue your deliberations.

10   You may eat as you deliberate, as long as all 12 of you are

11   there and all 12 of you are present for any discussion,

12   deliberation.  Or you may eat separately, whatever you wish.

13           And I will -- it will take a few minutes.  It will take

14   about 20 minutes for me to provide you with a copy of the

15   indictment in the proper form.  But I've given you the copy --

16   yes, I've given the court security officer the copy of the

17   verdict form page that is changed, as you called my attention to

18   my error.

19           You may follow the court security officer out.

20           COURT SECURITY OFFICER:  Do you want anything done with

21   the other copy of this in there?

22           THE COURT:  No.  Because I don't think they filled it

23   out.  They're still talking about it.  So that can -- that's

24   discarded.  It's replaced with this.

25           (Jury out at 10:47 a.m.)

14

```
1              THE COURT:  Any problems with anything I said to the
2      jury, Mr. Fitzpatrick?
3              MR. FITZPATRICK:  No, Your Honor.
4              THE COURT:  Mr. MacMahon?
5              MR. MACMAHON:  No, Your Honor.
6              THE COURT:  I don't think we need the page that was
7      wrong, so that's why I said it can be discarded.
8              All right.  So you're now going to repair -- get the
9      indictment ready, and bring it back?
10             MR. FITZPATRICK:  Yes.
11             THE COURT:  All right.  We'll convene briefly for that
12     just so I can put on the record that now we have it, and you
13     both agree to the redactions and to the form in which it's going
14     to be given to the jury.  And I'll have the court security
15     officer give it to the jury.
16             MR. FITZPATRICK:  Thank you, Judge.
17             Judge, I actually looked at the indictment.  It's not
18     going to be as difficult as I was imagining to make this
19     correction.  I was wondering at the break, could we confer with
20     Ms. Randall and we may be able to do it even quicker.  It's
21     entirely up to her, or you.
22             THE COURT:  Well, I take it what you're suggesting is
23     that there are certain portions of it you want to white out or
24     something?
25             MR. FITZPATRICK:  Upon looking at it, the formal
```

```
 1    statutory charges are all at the end, so we basically just have

 2    to remove numerous pages.

 3              THE COURT:  You and Mr. MacMahon do as you think you've

 4    agreed and is appropriate.  I've told them I'm going to give

 5    them a copy of the indictment, but as redacted.  If Ms. Randall

 6    can be of assistance to you, that's fine with me.

 7              MR. FITZPATRICK:  Thank you.

 8              THE COURT:  Let's get it done.  And then we'll

 9    reconvene, I'll look at it to make sure I agree with it, and if

10    I do, I'll give it to the court security officer and he'll

11    deliver it to the jury.

12              MR. FITZPATRICK:  Thank you.

13              THE COURT:  Court stands in recess for -- you should be

14    able to do it in 15 minutes?

15              MR. FITZPATRICK:  Yes.

16              (Recess taken at 10:49 a.m.)

17              THE COURT:  The record will reflect that the defendant

18    is present and prepared to proceed.

19              Counsel acted as diligently and expeditiously as they

20    said they were going to.  I have the redacted indictment, and I

21    think it is appropriately redacted.  The original, of course,

22    would have said there were 24 pages, and you've been careful to

23    eliminate page numbers, to eliminate the page numbers so they

24    can't draw any inferences.  And what is left is each count, the

25    charge in each count.  And I think that the parties have
```

16

1    appropriately agreed to a form of the indictment that can be

2    given to them.  Also redacted are the signatures.

3            Let me have the court security officer -- is he not

4    here?  Show it to them at the podium.  Let's make sure that what

5    I'm actually handing to the court security officer is what

6    you-all agreed to.  They don't need to convene.

7            COURT SECURITY OFFICER:  They're back there having

8    their lunch.

9            THE COURT:  Good.  I'm going to give to you; as soon as

10   counsel have reviewed it, the indictment as it's been redacted,

11   you can simply hand it to them.

12           Hand that to the court security officer, please, and he

13   will deliver it to the jury.  Why don't you do that and return

14   and tell us that you've done it, and then we'll recess for our

15   lunch.

16           MR. FITZPATRICK:  Judge, is there a necessity to upload

17   that to the docket along with the note, or however the

18   record-keeping is kept?

19           THE COURT:  No, I don't see any necessity.  Do you wish

20   that to be done?  I'll do it if either party requests it.

21           MR. FITZPATRICK:  Maybe if we can just get a copy of it

22   for our files.

23           THE COURT:  Yes.  Essentially what's happened is

24   there's a title page and then there's a page for each count, and

25   that's all that the jury is being given.  Signatures are gone,

1    page numbers are gone, all of the overt acts, everything else,

2    none of that is in there.  And I think for their purposes, this

3    is all they need.

4           All right.  The court security officer has reported

5    that he has delivered it and they are having lunch.

6           COURT SECURITY OFFICER:  Yes, sir.

7           THE COURT:  All right.  We'll recess now until either

8    the jury reaches a verdict or we have a further question.  I

9    thank counsel.  Court stands in recess.

10          (Recess taken at 11:05 a.m.)

11          THE COURT:  All right.  We have a further note, but

12   this one is the final note:  "4/14/22 at 12:15 p.m., the jury

13   has a verdict."  Signed Jennifer Murray, Number 26, who I take

14   it to be the foreperson.

15          All right.  You may bring the jury in.

16          MR. FITZPATRICK:  Judge, we would like to get the

17   family members here.  They're at the hotel across the street.

18   Could we take this in, say, 20 minutes?

19          THE COURT:  Yes, we can do that.

20          Tanya, tell the court security officer, not yet.

21          I wouldn't ordinarily do this, but these are

22   extraordinary or exceptional circumstances.

23          MR. FITZPATRICK:  If we can get everyone here sooner,

24   we will tell you as soon as possible.

25          THE COURT:  Let 's recess this, but let's make it very

1    quick.

2            MR. FITZPATRICK:  We will.

3            THE COURT:  I will assume they'll be here in

4    15 minutes.

5            MR. FITZPATRICK:  Perfect.

6            THE COURT:  We'll begin at quarter to 1:00 [sic].

7    Court stands in recess.

8            (Recess taken at 11:31 a.m.)

9            THE COURT:  We have a note from the jury, it reads as

10   follows:  "4/14/22, 12:15 p.m., We have a verdict."

11   Jennifer Murray, Juror Number 26.

12           The way in which a verdict is received in this court is

13   the jury will be brought in, the deputy clerk will inquire

14   whether the jury has reached its verdict.  Upon receiving an

15   affirmative answer from the foreperson, the deputy clerk will

16   ask for the verdict form to be given to the court security

17   officer, who will give it to her, who will give it to me, and I

18   will review it for any formal deficiencies; that is, they didn't

19   sign it or they have the wrong date or something of that sort.

20           And if there is a formal deficiency, I will have you

21   put on your earphones, we'll deal with it, and take whatever

22   steps are necessary.  If there are no formal deficiencies, I

23   will have the deputy clerk publish the verdict, which means that

24   with the defendant standing and facing the jury, the deputy

25   clerk will read the jury verdict form.

1          Following that, I will direct the deputy clerk to poll

2     the jury to ensure that the verdict is the verdict of each

3     individual juror.  And following that, I will have an

4     opportunity to thank the jurors for their service and excuse

5     them.  And after that, I have the normal function, if necessary,

6     either to have the defendant released from these charges - there

7     may be others, I don't know - or, in the alternative, to set a

8     date for sentencing and so forth.

9          All right.  Now you may bring the jury in.  Are they in

10    the back?

11         COURT SECURITY OFFICER:  Yes, sir.

12         THE COURT:  So you-all may remain seated until you hear

13    the knock on the door.

14         MR. FITZPATRICK:  Judge, can we inquire if the phone

15    line is open?  It is, thank you.

16         THE COURT:  I think that was for family members in the

17    United Kingdom, maybe elsewhere.

18         MR. FITZPATRICK:  Actually, we wouldn't be as opposed

19    to if it was open generally.  It doesn't have to be to a certain

20    group.

21         COURTROOM CLERK:  It's just for the victims' families.

22         THE COURT:  Just for the victims' families.

23         MR. FITZPATRICK:  If that's what it is, that's fine.

24         THE COURT:  I think I did that, and the only reason I

25    did it was that was the request.

1          MR. FITZPATRICK:  Yes.

2          (Jury in at 11:49 a.m.)

3          THE COURT:  Ladies and gentlemen, I have a note that is

4    dated 4/14/22, 12:15 p.m., and the note says succinctly, "The

5    jury has a verdict."  And it is signed by Jennifer Murray,

6    Number 26.  There, Jennifer Murray, Number 26.  And I take it,

7    Ms. Murray, you're the foreperson?

8          JUROR:  I am not.

9          JURY FOREPERSON:  I am.

10          THE COURT:  This is how we will receive the verdict in

11   this court.  In a few moments I'll have Ms. Randall, the deputy

12   clerk, ask the jury if you've reached a verdict, and then the

13   foreperson can say, yes, we have.  She will ask you to give the

14   verdict form to the court security officer, who will give it to

15   her, who will give it to me.  And I'll review it briefly just

16   for form, to ensure that there are no formal deficiencies; maybe

17   you didn't sign it, put the wrong date on it, left some things

18   blank that shouldn't have been.  And, if so, I will have counsel

19   on the earphones to decide what to do.

20          But if there are no formal problems, I will then have

21   the deputy clerk publish the verdict, in which case the

22   defendant will stand, face the jury, and Ms. Randall will read

23   the form with your verdict.

24          Following that, I will direct Ms. Randall to poll the

25   jury individually to ensure it is your verdict.  And following

1    that, it will be my duty and my privilege to thank you for your

2    service, to give you some final words maybe of caution, and to

3    allow you to go home.

4            All right.  Ms. Randall, you may proceed.

5            COURTROOM CLERK:  Mr. Foreman, has the jury agreed on a

6    verdict?

7            JURY FOREPERSON:  We have.

8            COURTROOM CLERK:  Will you hand it to the court

9    security officer?

10           THE COURT:  So Count 8 is here, but it's not stated.

11   All right.  I will have the deputy clerk staple that so it's

12   attached.  And the previous Count 8 is here, but there is a line

13   through it indicating you didn't fill it out because of the

14   error that I made that I informed you about.

15           All right.  You may staple those and then you may

16   publish the verdict.

17           COURTROOM CLERK:  Will the defendant please stand and

18   face the jury.

19           In the criminal case United States of America versus

20   El Shafee Elsheikh, case number 2020-CR-239, as to Count 1,

21   conspiracy to commit hostage-taking, we the jury unanimously

22   find the defendant, El Shafee Elsheikh, guilty of conspiring to

23   commit hostage-taking as charged in Count 1 of the indictment.

24           We the jury unanimously find that a death resulted from

25   the commission of this offense, and that the defendant is

1    therefore guilty of conspiring to commit hostage-taking

2    resulting in death.

3           Count 2, hostage-taking, James Wright Foley:  We the

4    jury unanimously find the defendant, El Shafee Elsheikh, guilty

5    of hostage-taking as charged in Count 2 of the indictment.  We

6    the jury unanimously find that James Wright Foley's death

7    resulted from the commission of this offense, and that the

8    defendant is therefore guilty of hostage-taking resulting in

9    death.

10          Count 3, hostage-taking, Kayla Jean Mueller:  We the

11   jury unanimously find the defendant, El Shafee Elsheikh, guilty

12   of hostage-taking as charged in Count 3 of the indictment.  We

13   the jury unanimously find that Kayla Jean Mueller's death

14   resulted from the commission of this offense, and that the

15   defendant is therefore guilty of hostage-taking resulting in

16   death.

17          Count 4, hostage-taking, Steven Joel Sotloff:  We the

18   jury unanimously find the defendant, El Shafee Elsheikh, guilty

19   to hostage-taking as charged in Count 4 of the indictment.  We

20   the jury unanimously find that Steven Joel Sotloff's death

21   resulted from the commission of this offense, and that the

22   defendant is therefore guilty of hostage-taking resulting in

23   death.

24          Count 5, hostage-taking, Peter Edward Kassig:  We the

25   jury unanimously find the defendant, El Shafee Elsheikh, guilty

1    of hostage-taking as charged in Count 5 of the indictment.  We

2    the jury unanimously find that Peter Edward Kassig's death

3    resulted from the commission of this offense, and that the

4    defendant is therefore guilty of hostage-taking resulting in

5    death.

6            Count 6, conspiracy to murder U.S. nationals outside

7    the United States:  We the jury unanimously find the defendant,

8    El Shafee Elsheikh, guilty of conspireing to murder

9    U.S. nationals outside the United States, as charged in Count 6

10   of the indictment.

11           Count 7, conspiracy to provide material support to

12   terrorists:  We the jury unanimously find the defendant,

13   El Shafee Elsheikh, guilty of conspiring to provide material

14   support to terrorists as charged in Count 7 of the indictment.

15   We the jury unanimously find that a death resulted from the

16   commission of this offense, and that the defendant is therefore

17   guilty of conspiring to provide material support to terrorists

18   resulting in death.

19           Count 8, conspiracy to provide material support to a

20   Foreign Terrorist Organization:  We the jury unanimously find

21   the defendant, El Shafee Elsheikh, guilty of conspiring to

22   provide material support to a Foreign Terrorist Organization, as

23   charged in Count 8 of the indictment.  We the jury unanimously

24   find that a death resulted from the commission of this offense,

25   and that the defendant is therefore guilty of conspiring to

24

1    provide material support to a Foreign Terrorist Organization

2    resulting in death.

3            So say we all, this 14th day of April, 2022,

4    Foreperson.

5            THE COURT:  All right.  You may poll the jurors

6    individually to ensure that is their verdict.  You didn't read

7    the name of the foreperson.

8            COURTROOM CLERK:  I did not, Judge.

9            THE COURT:  All right.  Let's proceed.

10           COURTROOM CLERK:  Juror Number 50, Laura Ann Younger,

11   is this your verdict?

12           JUROR:  Yes.

13           COURTROOM CLERK:  Juror Number 29, Wayne Phoel, is this

14   your verdict?

15           JUROR:  Yes.

16           COURTROOM CLERK:  Juror Number 3, James Bailes, is this

17   your verdict?

18           JUROR:  Yes.

19           COURTROOM CLERK:  Juror Number 20, Alfred Keyser, is

20   this your verdict?

21           JUROR:  Yes.

22           COURTROOM CLERK:  Juror Number 50, Esther Zangeneh, is

23   this your verdict?

24           JUROR:  Yes.

25           COURTROOM CLERK:  Juror Number 22, John Kugelman, is

25

1      this your verdict?

2              JUROR:  Yes.

3              COURTROOM CLERK:  Juror Number 26, Jennifer Murray, is

4      this your verdict?

5              JUROR:  Yes.

6              COURTROOM CLERK:  Juror Number 14, Mirenda Fields, is

7      this your verdict?

8              JUROR:  Yes.

9              COURTROOM CLERK:  Juror Number 14, Anne Fay, is this

10     your verdict?

11             JUROR:  Yes.

12             COURTROOM CLERK:  Juror Number 10, Erica Denham, is

13     this your verdict?

14             JUROR:  Yes.

15             COURTROOM CLERK:  Juror Number 30, Camille Morrison, is

16     this your verdict?

17             JUROR:  Yes.

18             COURTROOM CLERK:  And Juror Number 47, Adrian White, is

19     this your verdict?

20             JUROR:  Yes.

21             THE COURT:  All right.  You may be seated.  All right.

22     Ladies and gentlemen, it is now my privilege and my duty to

23     thank you for your service as jurors.  It is quite apparent to

24     the Court that you paid careful and close attention to the

25     evidence as it was presented over this nearly three-week period,

1    and some of the evidence was not easy to listen to.  But you

2    were diligent and careful in your listening to the evidence, and

3    it is apparent to the Court that you deliberated conscientiously

4    in order to arrive at a unanimous verdict.

5           And so on behalf of the court, and indeed our country,

6    we thank you for your service as jurors.

7           Now, you are no longer under any constraints about

8    speaking to whomever you please about this case.  In that

9    regard, however, let me offer a word of caution to you.  I am

10   always upset when I see in the media people who have served on

11   juries in notable cases, and they go on the media to discuss

12   what went on in the course of their deliberations with their

13   fellow jurors.  That seems to me to be wrong.  That seems to me

14   to do an injury to the deliberative jury process.  If jurors

15   knew in advance that everything they said and did in the course

16   of deliberations was going to be grist for the media mill, I

17   think it would have a chilling effect on jury deliberations.

18          So I suggest to you - and it is a suggestion, not an

19   order - that you have a duty of confidentiality to your fellow

20   jurors as to what went on in the course of deliberations.  But

21   that's a decision you must make.  It is not an order of the

22   court.

23          Now, let me tell you a little bit about the future.  I

24   will order the preparation of a presentence investigation

25   report.  This is a report that will provide me with information

1    concerning the history of this defendant, and the education, the

2    work history, his criminal history, if any, and, indeed,

3    anything that might be material in any way to the Court's

4    sentencing decision.

5           Then, in roughly three months, or a little longer,

6    there will be a sentencing hearing.  Now, the presentence

7    investigation report will be reviewed by the defendant and by

8    the government, and the defendant and the government will have

9    the opportunity to register with the court their objections or

10   corrections to what's said in the presentence report.  And if

11   there are any disputes about that, then prior to the sentencing,

12   I will have a hearing in which I will resolve any disputes.

13   Then we'll come to sentencing.

14          Now, I haven't set the date for the sentencing, so I

15   don't know precisely when it will be.  I think I'll do that in

16   just a few minutes, but not now.  I want to invite any of you to

17   communicate with me.  This courthouse and this courtroom, even

18   though my chambers are right here and I'm the only one here,

19   it's not my courtroom, it's not my courthouse, and my chambers

20   are only temporary.  I've been there for 30-plus years, but I'll

21   be gone.

22          So it isn't my courthouse, it's yours.  It's all of

23   ours.  So you may come back and you may ask me questions about

24   the process and give me your observations and your criticisms if

25   you want to.  I will tell you, I make that invitation to all

1   jurors over the last many years, and a very tiny number bother

2   to come back.  But it isn't that it's a bother, it's just that

3   they're satisfied with what they did and they go on.  And some

4   of you have had past jury service, so you know a good deal about

5   it.

6           Anyway, so this matter will proceed to sentencing.

7   Now, there's one other thing I think you're entitled to know.

8   You heard the name Alexanda Kotey, who the government contends

9   is Beatle Number 1, 2, or 3.  Am I correct, Mister...

10          MR. FITZPATRICK:  Fitzpatrick.

11          THE COURT:  I'm sorry.

12          MR. FITZPATRICK:  Well, we certainly contend he's one

13  of The Beatles, Your Honor.  Yes.

14          THE COURT:  That's right.  Now, he will be sentenced

15  soon, but -- he will be sentenced, in fact, in about two weeks

16  here.  And you're entitled -- they're public proceedings, just

17  as this was a public proceeding.  You're entitled to be here

18  and, of course, you can read about it.  And I don't invite

19  persons to call my chambers, but for jurors, I give you that

20  privilege.  You can also reach Ms. Randall at the clerk's office

21  to find out.

22          He will be sentenced in two weeks, and I think it is

23  reasonable and fair for you to know that he pled guilty to all

24  counts in the complaint.  You didn't know that, you weren't

25  supposed to know that, and it didn't matter one way or the

1     other.  But I think after sitting here for nearly three weeks,

2     you're entitled to know these things.

3            All right.  Go home now and put the matter out of your

4     mind.  I hope that none of you -- I think, as I observed, none

5     of you have been seriously affected by what you had to listen

6     to.  If I'm wrong about that, you may communicate with me about

7     that.

8            All right.  Take your books with you.  As I told you,

9     they're yours.  No one is ever going to look at them.  They're

10    yours, so do with them as you wish.  I hope you will keep in

11    mind the caution that I gave you, but you're no longer under any

12    court order to refuse to discuss the matter with anyone.

13            Now, the lawyers may not contact you.  They are

14    forbidden by local rule from calling you, for obvious reasons.

15    When I practiced as an attorney trying cases, I never liked that

16    rule.  I wanted to know what I did, how it affected people.  And

17    in case you're wondering, I tried a lot of cases, and I would

18    say maybe I won a quarter of the cases and lost three-quarters.

19    That's why I'm a judge.  If you're really a successful lawyer,

20    you don't want to be a judge.

21            All right.  Thank you.  You may follow the court

22    security officer out.

23            (Jury out at 12:06 p.m.)

24            THE COURT:  Mr. Elsheikh, come to the podium, please,

25    sir.  Mr. Elsheikh, the Court will enter judgment on the verdict

1   of guilty on all counts.  At the time of the sentencing I'll

2   enter a judgment and commitment order.

3          Now, the Court will order the preparation of a

4   presentence investigation report.  As you know, as you heard me

5   say, that's an opportunity to provide information to the Court

6   for purposes of imposing an appropriate sentence.

7          Now, you will be asked to give a probation officer

8   information.  You have a role to play in this.  You will be

9   asked to give information about your family, your background,

10  your education, your work experience, your version of the

11  offense conduct, and indeed anything that may be material in any

12  way to the Court's sentencing decision.  And you may have your

13  counsel with you at the time that you do this.

14         The government will also have the opportunity to

15  register its objections or corrections.  And if you dispute

16  theirs or they dispute those that you advance, then the Court

17  will hold a hearing and hear argument and resolve the disputes

18  before imposing sentence.

19         At the time of sentencing, Mr. Elsheikh, you'll have

20  the opportunity to address the Court, and to say anything at all

21  you wish to the Court by way of extenuation, mitigation, or

22  indeed anything you think the Court should know before sentence

23  is imposed.  You won't be required to address the Court, but you

24  will have the opportunity to do so if you wish to.  And, of

25  course, your counsel will also have the opportunity to address

1    the Court on your behalf.

2         I will set sentencing for the 5th of August.  Is that

3    date available?  Or will counsel be in the South of France, in

4    the sun?

5         MR. FITZPATRICK:  The government will be available,

6    Your Honor, obviously.  When defense counsel responds to you, I

7    do want to make one proposal on sentencing.  But August 5th is

8    fine with the government.

9         MR. MACMAHON:  I'm not available, Your Honor.  And I

10   won't be in the South of France.

11        THE COURT:  Well, I can understand you'll probably be

12   in Monaco or some other place.  But that's all right,

13   Mr. MacMahon.

14        MR. MACMAHON:  Ms. Ginsberg doesn't have her calendar.

15        THE COURT:  How about the 12th of August?

16        MR. MACMAHON:  That works.

17        MS. GINSBERG:  I didn't have the foresight to bring my

18   calendar, but I think it's far enough in advance.

19        THE COURT:  If that's a real problem, let me know and

20   I'll do what I can to accommodate you.

21        Anything further today?  Mr. Elsheikh, you may be

22   seated, sir.

23        Yes, Mr. Fitzpatrick?

24        MR. FITZPATRICK:  Judge, what the government proposes,

25   as you've alerted the jury that was just dismissed, the

```
1    sentencing for Alexanda Kotey is April 29th, two weeks and a day
2    from today.  Or two weeks from tomorrow.  At that hearing I
3    anticipate significant victim impact testimony.  It perhaps will
4    take several hours.
5          THE COURT:  I understand.  That's why I'm devoting the
6    entire day to that sentence.  Is that what you were going to
7    propose?
8          MR. FITZPATRICK:  No, what I was going to propose is
9    that I ask that you order the defendant, El Shafee Elsheikh, to
10   appear on April 29th, remand him to the custody of the
11   marshals --
12         THE COURT:  So that it doesn't have to be repeated for
13   his sentencing?
14         MR. FITZPATRICK:  Correct, Your Honor.  And then we
15   proceed to the more substantive sentencing of Mr. Kotey.  And
16   then the substantive sentencing for Mr. Elsheikh on August 12th.
17         THE COURT:  What's your view, Mr. MacMahon?
18         MR. MACMAHON:  I defer to the Court.  I'm not going to
19   be here on the 29th, but he's got enough lawyers to sit through
20   it.  If the Court wants to do that, I don't have an objection.
21         THE COURT:  Ms. Ginsberg, will you be here?
22         MS. GINSBERG:  I think so, Your Honor.
23         THE COURT:  Do you have a problem with what's proposed?
24         MS. GINSBERG:  I don't have any problem with the
25   proposal.
```

1          THE COURT:  Thank you.  I'll do that.

2          MR. FITZPATRICK:  Thank you, Your Honor.

3          THE COURT:  Now, while I'm saying that, I want to note

4    that the Court thanks counsel on both sides, the government and

5    the defendant, for their cooperation and their work in this

6    case.  It hasn't been easy.

7          And I think it's important for me to note also that I

8    think that Mr. Elsheikh has been fully effectively represented

9    by counsel.  I think both sides have done a good job.  But it's

10   important for me to note that for the defendant, because he has

11   appointed counsel.  And when I appointed counsel, I appointed

12   very experienced counsel, and I did so with that in mind.  And

13   it has worked out appropriately.

14         I think that any fair-minded observer would conclude

15   that the defendant has been fully and effectively represented,

16   and the government presented a thorough case and the defendant

17   made it a horse race.  The government had to respond.

18         I think the central issue, of course, was always, was

19   Mr. Elsheikh a...

20         MR. FITZPATRICK:  A Beatle.

21         THE COURT:  Beg your pardon?  A Beatle, yes.  That's

22   the central issue.  And I think the lawyers did a good job of

23   presenting that and defending that.  And I think it's important

24   for me to note that.

25         Anything else, Mr. Fitzpatrick?

34

1          MR. FITZPATRICK:  Yes, Your Honor.  So we'll reappear,

2    is it 9 a.m. on April 29th, and the defendant will be ordered to

3    appear at that time?

4          THE COURT:  It is at 9:00.  I have another sentencing

5    at 8:00.

6          MR. FITZPATRICK:  That's early morning.

7          THE COURT:  Yes.  So it will be soon after 9:00, if it

8    isn't 9:00.  And the defendant in this case, El Shafee Elsheikh,

9    is required to attend that.  And the purpose for that is so that

10   the family doesn't have to appear twice.  The family -- as I

11   understand it, Mr. Fitzpatrick, you are advising the Court that

12   you wish to have the family as victims, under the law.  The law

13   is quite clear that victims get an opportunity to appear at

14   sentencing, and you think they will?

15         MR. FITZPATRICK:  Several, yes, Your Honor.

16         THE COURT:  All right.  I would be interested, on that

17   date, at the beginning, to know how many and how long you think

18   it will take.

19         MR. FITZPATRICK:  We'll provide that, Your Honor.

20         THE COURT:  Anything else to be accomplished today on

21   behalf of the government, Mr. Fitzpatrick?

22         MR. FITZPATRICK:  No, Your Honor, not for the

23   government.

24         THE COURT:  And on behalf of the defendant,

25   Mr. MacMahon or Ms. Ginsberg?

1          MR. MACMAHON:  No, Your Honor.

2          THE COURT:  Ms. Ginsberg?  You're conferring with your

3    client.

4          MS. GINSBERG:  Yes, if I may have just a moment.

5          MR. MACMAHON:  While she confers, Your Honor, Mr. Ellis

6    will be in trial on the 29th as well, so he won't be able to

7    appear for that hearing.

8          MS. GINSBERG:  Your Honor, if I could have a moment.

9    Mr. Elsheikh has raised a point that I would like to discuss

10   with the government.

11         THE COURT:  All right.

12         So Mr. Ellis will not be here on the 29th?

13         MR. ELLIS:  I'll be right downstairs, but I'm in front

14   of Judge Trenga.

15         MS. GINSBERG:  Your Honor, I have nothing further to

16   add.  Thank you.

17         THE COURT:  All right.  Given there's nothing further

18   to accomplish today, this matter is -- the court is in recess.

19   You may recess the court.

20         (Off the record at 12:15 p.m.)

21

22

23

24

25

36

1                   CERTIFICATE OF OFFICIAL COURT REPORTER

2

3           I, Rebecca Stonestreet, certify that the foregoing is a

4    correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7

8

9    ____//Rebecca Stonestreet//____              __10/24/22_____

10   SIGNATURE OF COURT REPORTER                     DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25